C. E. FULGHAM, Secretary of State, et al., Appellants,

v.

SOUTHLAND COTTON OIL COMPANY, Appellee.

No. 10429.

Court of Civil Appeals of Texas.

Austin.

Nov. 14, 1956.

Rehearing Denied Dec. 5, 1956.

John Ben Shepperd, Atty. Gen., W. V. Geppert, Henry Gates Steen, Asst. Attys. Gen., for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Clyde W. Wellan, Jr., Malcolm McCorquodale, Houston, for appellee.

HUGHES, Justice.

This suit was brought by appellee Southland Cotton Oil Company, a foreign corporation, against the Secretary of State, the Treasurer and Attorney General of Texas in their official capacities to recover

franchise taxes paid by it under protest and for 6% interest thereon from the date of such payment.

In a nonjury trial judgment as prayed for by appellee was granted.

The facts have been stipulated except as to departmental construction of the statutes hereinafter mentioned.

Southland was issued a permit to do business in Texas on July 31, 1953. On this date the annual franchise tax rate was $1.25 per $1,000 taxable base.[1]

Effective May 1, 1954, this tax rate was increased to $2.00 per $1,000.00 taxable base.[2]

In preparing its first franchise tax return Southland applied the $1.25 per $1,000 taxable base for the period from July 31, 1953 to April 30, 1954, and applied the $2 per $1,000 taxable base for the period from May 1, 1954 to July 31, 1954, and tendered payment accordingly.

The Secretary of State determined that the $2 tax rate should be applied for the whole permit year which began July 31, 1953, and that the lesser rate, $1.25, which prevailed statutorily from July 31, 1953 to April 30, 1954, should be disregarded. Taxes were demanded and paid upon this basis, the difference between such amount and the amount originally tendered by Southland being paid under the protest provisions of Art. 7057b, Vernon's Ann.Civ.St.

The State's contention, as we understand it, is that since our statutes require the franchise tax due by a foreign corporation doing business in this State to be computed as of the last day of the first permit year then the rate to be applied must be the rate in force on such date, this for the reason that our statutes make no provision for apportioning the tax according to other tax rates which may be in force during such first year.

The statutes apparently relied upon by the State are the following portions of the Acts indicated:

"Where a foreign corporation has not heretofore done business in this State and is granted a permit to do business in Texas, it shall file its first report as of one (1) year from the date such permit was granted, within ninety (90) days of such date." Acts 1949, 51st Leg. p. 975, Ch. 536, Sec. 5, which was in force until amended Acts 1955, 54th Leg. p. 1080, Ch. 404, Art. IV, Sec. 3. Art. 7089, R.C.S. 1925, Vernon's Ann.Civ.St. art. 7089.

"Wherever a foreign corporation applying for a permit has theretofore done no business in Texas, such initial tax shall not be payable until the end of one (1) year from the date of such permit, at which time the tax shall be computed according to first year's business as prescribed by Article 7084, Revised Civil Statutes of Texas, as amended; and, at the same time, such corporation shall also pay its tax in advance, based upon the first year's business, for the period from the end of the first year to and including May first following." Acts 1949, 51st Leg. p. 975, Ch. 536, Sec. 3, which was in force until amended Acts 1955, 54th Leg. p. 1080, Ch. 404, Art. IV, Sec. 2. Art. 7086, R.C.S. 1925, Vernon's Ann. Civ.St. art. 7086.[3]

The State cites Houston Oil Company v. Lawson, 175 S.W.2d 716, Galveston Court of Civil Appeals, writ ref., as holding that the Legislature may validly retroactively increase the amount of a franchise (excise) tax.

---

1. Acts 1951, 52nd Leg., p. 695, Ch. 402, Sec. IX, Vernon's Ann.Civ.St. art. 7084.

2. Acts 1954, 53rd Leg. 1st C.S., p. 3, Ch. 2, Art. III, Sec. 1, Vernon's Ann.Civ. St. art. 7084.

3. As to domestic corporations this Article provides that "each initial tax shall be computed at the rate of tax prescribed in said Article 7084."

We do not question this principle and there is no need that we should because there is no language in the Act made effective May 1, 1954, by which the tax rate was increased to $2 per $1,000 taxable base to indicate that the Legislature intended that such increase should have a retroactive effect.[4]

The Legislature recognized that lack of prior experience would make impossible computation of the franchise tax to be paid by corporations doing business in Texas for the first time before the end of the year and made provisions therefor as above shown.

The statutes suggest no reason and we can think of none which would make impossible or even impractical the calculation of the tax due by applying different rates for different periods of time.

In our judgment the relevant statutes are not ambiguous as to the question presented and hence there is no need for us to consider the manner in which they have been construed by State departments.

Our conclusion is that Southland correctly determined the amount of tax due.

▆▆▆ The judgment allowed 6% interest from the date on which Southland paid the disputed tax under protest. It now concedes that this was erroneous prior to the date of the judgment under Art. 7057b (4–6), V.A.C.S., but insists that it was entitled to 6% interest from the date of the judgment citing State v. Tennessee Gas Transmission Company, 289 S.W.2d 309, Austin Court of Civil Appeals, writ ref., N.R.E.

In that case the taxes were not paid under protest and the suit was not brought under the authority of nor in accordance with the provisions of the protest statute, 7057b, supra. There we allowed no recovery of interest until judgment was rendered and thereafter interest at 6%. In applying for a writ of error the State did not question this ruling.

The instant case is controlled by the protest statute which we believe to deny the recovery of interest both before and after judgment except as therein provided.

Sec. 3 of the protest statute providing, in part, for the transmission to the State Treasurer all monies paid under protest makes it his duty to deposit such funds in State depositories at interest and "to allocate whatever interest is earned on such funds and to credit the amount thereof to such suspense account until the status of such money is finally determined as herein provided."

Sec. 4 of such Act provides in part, that in the event

"* * * it be finally determined that such money so paid by such taxpayer, or any part thereof, was unlawfully demanded by such public official and that the same belongs to such taxpayer, then and in that event it shall be the duty of the State Treasurer to refund such amount, together with the pro rata interest earned thereon, to such taxpayer by the issuance of a refund warrant, * * *."

In construing and discussing this statute the Court in Rogers v. Daniel Oil & Royalty Company, 130 Tex. 386, 110 S.W.2d 891, 894, said "* * * the money remains in suspense until the suit is finished, * *" and as to interest it said "To our minds such a statute ought to be held complete

---

4. We direct attention to Section 2 of this Act (f.n. 2) which provided, in part, for installment payment of the increased tax for the fiscal year May 1, 1954, to May 1, 1955, and particularly to the second paragraph of this section which levied an additional tax of ¼th of the annual tax levied by Section 1 of the Act for the fiscal year May 1, 1954 to May 1, 1955, in the event the Act did not become effective until September 1, 1954.

The provisions of this section seem, to us, to conclusively show that the increased rate should be given only prospective effect.

and adequate as regards interest on the money while in suspense."

We hold that in a proceeding under the protest statute the right to interest on the impounded funds is measured by the terms of such statute.

The judgment appealed from is modified to direct the recovery of interest on the monies paid under protest in accordance with the provisions of Art. 7057b, supra, and deleting the recovery of interest as decreed therein; otherwise the judgment is affirmed.

Costs of appeal are assessed against Southland.

Judgment modified and, as modified, judgment affirmed.