Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas, et al., Appellants,

v.

Cora THOMPSON, a Widow, et al., Appellees.

No. 10795.

Court of Civil Appeals of Texas.

Austin.

Oct. 19, 1960.

Rehearing Denied Nov. 9, 1960.

Will Wilson, Atty. Gen., Marietta Mc-Gregor Payne, Asst. Atty. Gen., for appellants.

Geo. M. Sonfield, Marcus, Weller & Evans, Beaumont, for appellees.

GRAY, Justice.

This is a suit to recover inheritance taxes paid under protest and the appeal is from a judgment awarding a recovery of taxes so paid.

On October 4, 1955 Hugh A. Thompson died testate and by his will disposed of his estate. The part of his will from which this controversy arose, and the only part material here, provides:

"All of the rest and residue of my property, real, personal and mixed, I hereby give, devise and bequeath to my beloved wife, Cora Thompson, during her lifetime, with full power to sell or otherwise dispose of same, and at her death, to my children John W. Thompson and Ida May Thompson, share and share alike, in fee simple."

In due time a tax of $710.19 was assessed against the interest of Cora Thompson. This amount was arrived at by determining that the value of the residuary estate passing under the above provision of the will was $73,009.69, by distributing its entire value to Cora Thompson, deducting her statutory exemption of $25,000 and assessing a tax of $710.19 on the remaining value of $48,009.69. This tax was paid under protest and is the matter in controversy here.

At a nonjury trial the trial court made findings of fact and conclusions of law. Among other things he found:

"That the life expectancy of Mrs. Cora Thompson, the surviving wife, is 6.48 years under the Actuaries Combined Experience Tables of Life Expectancy; * * *

"I find that two separate estates were created under the last will of Hugh Thompson; (1) a life estate in Mrs. Cora Thompson, and; (2) a remainder estate in the plaintiffs, John W. Thompson and Ida May Thompson. I find that when a separate cash value is placed upon the life estate of Mrs. Cora Thompson and the remainder estates of John W. Thompson and Ida May Thompson, as provided by Article 7123, Revised Civil Statutes, that the actual cash value of the life estate is Fourteen Thousand Three Hundred fifty-two and 62/100 ($14,352.62) Dollars and the two remainder estates Twenty-nine Thousand Three Hundred Twenty-eight and 54/100 ($29,328.54) Dollars, and each estate is entitled to a statutory exemption of Twenty-five Thousand and no/100 ($25,000.00) Dollars.

* * * * * *

"I further find that when the tax is assessed against the life estate and the two remainder estates, the value of the life estate is Fourteen Thousand Three Hundred Fifty-two and 62/100 ($14,-352.62) Dollars less the statutory exemption of Twenty-five Thousand and no/100 ($25,000.00) Dollars; and no tax is due on the life estate. The value of the remainder estates is Twenty-nine Thousand Three Hundred Twenty-eight and 54/100 ($29,328.54) Dollars

each, less an exemption of Twenty-five Thousand and no/100 ($25,000.00) Dollars for each remainderman, leaving a taxable estate to each remainderman of Four Thousand Three Hundred Twenty-eight and 54/100 ($4,328.54) Dollars, on which there would be due a tax of Forty-three and 29/100 ($43.-29) Dollars for each remainderman, or a total tax of Eighty-six and 58/100 ($86.58) Dollars."

In his conclusions of law the trial court construed Art. 7123, codified as Art. 14.08, Vernon's Anno.Civ.St., Tax-Gen. Vol. 20A:

"I conclude as a matter of law that Article 7123, Revised Civil Statutes of the State of Texas, is clear and unambiguous and departmental construction of said unambiguous statute is not controlling, and I construe said statute to require that seperate cash values be placed upon the life estate and the remainder estates, such value to be determined by the Actuaries Combined Experience Table at four (4%) per cent compound interest as provided in said Article 7123, Revised Civil Statutes."

A judgment in accordance with the above findings was rendered.

Appellant here presents two points which are that the trial court erred in holding:

"(1.) * * * that two separate estates were created under the last will of Hugh A. Thompson: (1) a life estate in Cora Thompson, the widow, and (2) remainder estates in the remaindermen John W. Thompson and Ida May Thompson, and in holding that no tax was due from the widow and taxes in the amount of $43.29 were due from each of the remaindermen.

"(2) * * * as a matter of law that the amount of inheritance taxes due upon the passage of estates of the kind created by the will under consideration should be determined on the basis of the most probable future disposition of such estates."

Art. 7123, supra, provides:

"If the property passing as aforesaid shall be divided into two or more estates, as an estate for years or for life and a remainder, the tax shall be levied on each estate or interest separately, according to the value of the same at the death of the decedent. The value of estates for years, estates for life, remainders and annuities, shall be determined by the 'Actuaries Combined Experience Tables,' at four per cent compound interest."

In their brief appellants say:

"The only question presented by this case is whether a life estate coupled with a power of disposal should be taxed at its full value or on the value of a mere life estate or, an alternative theory, whether it should be taxed on the basis of the possibilities inherent in this particular fact situation."

They also say that:

"Probabilities are never taken into consideration in the valuation of an estate for years or for life and a remainder, since Article 7123, Vernon's Civil Statutes of Texas, expressly provides as follows:

"'* * * The value of estates for years, estates for life, remainders and annuities, shall be determined by the "Actuaries Combined Experience. Tables," at four per cent compound interest.'"

Appellants appear to argue that Art. 7123 supra is specific in its terms and that the question here presented is: Does the fact that the life tenant is given the power of disposal change the estate into something other than an estate for life? It is well established in this State that it does not. In Wier v. Smith, 62 Tex. 1, 9 it is said:

"The general rule is, that if a particular estate is expressly created, with a general power of disposition to the per-

son to whom such estate is given, then the power will not enlarge the estate given."

In Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 825, 158 A.L.R. 470, the court considered the right of the remaindermen to receive the proceeds from the sale of property devised to a life tenant with the power of sale. The court said:

"The intention of the testator, clearly expressed by Item Three of the will, that his wife should take only a life estate, is a fact of importance in determining the question presented for decision, which, as petitioner in his application for writ of error states, is whether the exercise by the life tenant of the power of sale given by Item Four of the will operated to divest the remaindermen of title to the proceeds of the sale. Important also is the rule established by the decisions in this state and in the great majority of the other states that the added full power of disposition given to the life tenant, like that given in Item Four of the will, does not raise the life estate to a fee. Weir v. Smith, 62 Tex. 1, 9; Caples v. Ward, 107 Tex. 341, 345, 346, 179 S.W. 856; Notes 36 A.L.R. pp. 1177, 1180–1218; Note 76 A.L.R. pp. 1153, 1154–1166; 33 Am. Jur. pp. 484–485, Sec. 21; 3 Page on Wills, 3rd Ed., pp. 375–378, Sec. 1117. The power of disposition is not an estate. It is merely authority derived from the will to dispose of the fee. Gildersleeve v. Lee, 100 Or. 578, 198 P. 246, 36 A.L.R. 1166, 1169. It is not inconsistent with or repugnant to the estate for life. 33 Am.Jur. pp. 484, 485, Sec. 21. It is not repugnant to the remainder, but when exercised, it defeats the remainder in the property sold or conveyed. Caples v. Ward, 107 Tex. 341, 346, 179 S.W. 856. As said in Grace v. Perry, 197 Mo. 550, 562, 95 S.W. 875, 878, 7 Ann.Cas. 948, 951:

"'It must be remembered that the devise is express for life with power to

dispose of the fee, and it is a well settled principle of law that a power of disposition added to the life estate is not repugnant to the life estate or to the remainder over. If not exercised, it leaves both estates unaffected by it. If exercised, it defeats the remainder in the property disposed of; the remainder being subject to such defeat, as in this case.'"

The statute, Art. 7123, supra, is plain in providing the method for determining the value of estates for life and remainders and any other method of determining such values would violate the statute. For this reason the most probable future disposition of the estate by the life tenant would not be a proper item to be considered in determining the amount of inheritance taxes due. In the conclusion of the trial court above quoted he construed Art. 7123, supra, to require separate values to be placed on the life estate and the remainders and that such values are to be determined "by the Actuaries Combined Experience Table at four (4%) per cent compound interest as provided in said Article 7123, Revised Civil Statutes." It thus appears that the trial court did not determine the amount of inheritance taxes due on the basis of probable future disposition of such estates.

We do not understand appellants to say that the calculation of tax found by the trial court to be due is erroneous under the statute and their second point does not present reversible error.

Appellants urge us to accept opinions of the Attorney General and departmental construction of Art. 7123, supra, as to the proper method of computing inheritance taxes which are contrary to what we have said. There is no ambiguity in the statute but the ambiguity arises if at all because of the power of disposition granted to the life tenant. The effect of this power has been determined by our Supreme Court and the opinions of the Attorney General and departmental construction must yield.

Appellants also urge decisions of other jurisdictions providing methods of computing inheritance taxes on life estates with power of sale. We are not advised as to the provisions of the foreign statutes and we have not examined them because our statute, Art. 7123, supra, plainly provides the method for determining the values of estates for inheritance tax purposes and our Supreme Court has declared the effect that the power of disposition has on the life estate. For these cogent reasons foreign decisions would afford little, if any, help in deciding the questions presented and in any event would not be decisive of them.

The judgment of the trial court is affirmed.

Affirmed.