

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 21, 1963

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C-165

Re: Proper method of com-
puting inheritance
taxes where will devises
property in fee simple
to named beneficiary with
remainder over in the
event any of said prop-
erty remains at death
of beneficiary.

Dear Mr. Calvert:

You have requested the opinion of this office on the
above captioned matter. Gus C. Klemstein died testate. His
wife survived him. Attached to your letter of request is a
copy of the decedent's last will and testament. The pertinent
provisions thereof are the following paragraphs:

"It is our will and desire that the
survivor of us, Gus C. Klemstein or
wife, Mary Klemstein, as the case may
be, shall have and hold in fee simple
all of the Estate of every description,
real, personal or mixed, and whereso-
ever situated, which either or both of
us may own at the time of the death of
the first of us to die, and with this
in mind, I, Gus C. Klemstein do hereby
give, devise and bequeath in fee simple,
unto my beloved wife, Mary Klemstein,
all of my property of every kind and
character whether real, personal or
mixed, and wheresoever situated; and
I, Mary Klemstein, do hereby give, de-
vise and bequeath in fee simple, unto
my beloved husband, Gus C. Klemstein,
all of my property of every kind and
character whether real, personal or
mixed, and wheresoever situated.

". . .

"In the event any of our Estate re-
mains on hand at the time of the death

-803-

> of the survivor of us, or when we are
> both deceased, then, in such event, the
> remainder of our Estate shall then vest
> in fee simple in our beloved niece,
> Lahree Munsch, and with this in mind,
> we hereby give, devise and bequeath in
> fee simple, unto our beloved niece,
> Lahree Munsch, all of our property of
> every kind and character, whether real,
> personal or mixed, and wheresoever situ-
> ated, which we may own or have an inter-
> est in at the time of the death of the
> survivor of us or when we are both de-
> ceased."

You ask whether the rule laid down in Calvert v. Thompson, 339 S.W.2d 685 (Tex.Civ.App. 1960, error ref.) is applicable. In the Thompson case, the decedent's will contained the following provision:

> "All of the rest and residue of my
> property, real, personal and mixed, I
> hereby give, devise and bequeath to
> my beloved wife, Cora Thompson, during
> her lifetime, with full power to sell
> or otherwise dispose of same, and at
> her death, to my children John W.
> Thompson and Ida May Thompson, share
> and share alike, in fee simple."

The tax was assessed against the interest of Cora Thompson, and its amount was determined on the basis of the value of the entire residuary estate. The court held that the fact that the life tenant was given the power of disposal did not change the estate into something other than an estate for life, citing, among other cases, Wier v. Smith, 62 Tex. 1 (1884); Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823 (1945), and authorities cited therein. This, of course, had long been the established rule in the jurisprudence of this state.

At page 688, the court said:

"/¯2_/ The statute, Art. 7123,[1] supra,

---

[1] Article 7123, presently carried as Article 14.08, Ch. 14, Title 122A, 20A, Tax.-Gen., V.A.T.S., reads as follows:

"If the property passing as aforesaid shall

> is plain in providing the method for
> determining the value of estates for
> life and remainders and any other method
> of determining such values would violate
> the statute. For this reason the most
> probable future disposition of the estate
> by the life tenant would not be a proper
> item to be considered in determining the
> amount of inheritance taxes due. . . ."

The taxpayer takes the position that the Thompson case dealt with a fact situation in which the will involved clearly created a life estate, and that, therefore, the instant case is distinguishable therefrom. We agree. We think that the nature of the estate received by the decedent's wife is governed by McMurray v. Stanley. The holding in the McMurray case has been ably summarized in the Edds case, supra, at page 826:

> "In McMurray v. Stanley, 69 Tex. 227,
> 6 S.W. 412, 413, the testatrix, Mrs.
> Bagley, devised all of her property to
> her husband, N. G. Bagley, adding that
> he should have full power and control
> over the same to use and dispose of as
> he might desire, and in another clause
> she directed that if at his death he
> should have 'any of said property still
> remaining in his possession not disposed
> of or used by him' the same should be
> given to her nieces. The plaintiffs
> were the nieces referred to in the will
> and sought to recover from the executor,
> devisees and legatees of the husband,
> N. G. Bagley, certain property that be-
> longed to the estate of Mrs. Bagley at
> the time of her death and was not dis-
> posed of by N. G. Bagley before his

---

[1] (Cont'd)
> be divided into two or more estates, as an
> estate for years or for life and a remainder,
> the tax shall be levied on each estate or
> interest separately, according to the value of
> the same at the death of the decedent. The value
> of estates for years, estates for life, remainders
> and annuities, shall be determined by the 'Actuaries
> Combined Experience Tables,' at four per cent com-
> pound interest."

death, and also the proceeds remaining
in the hands of N. G. Bagley at his
death of certain property of his wife's
estate that he had sold.  The trial
court sustained demurrers to the plain-
tiff's petition, holding that Mrs.
Bagley's will vested in her husband
an absolute title in fee, and that it
neither gave to the plaintiff's any
right to any part of her estate nor
affected it with a trust in their
favor,

"The Supreme Court in its opinion
recognized the rule announced by many
decisions that when property is devised
generally or indefinitely, with full
power of disposition, the devise is
construed to pass a fee, and an attempted
limitation over is void.  See Trustees
Presbyterian Church v. Mize, 181 Ky.
567, 205 S.W. 674, 2 A.L.R. pp. 1237,
1240; 33 Am.Jur. pp. 492, 493, Sec. 29,
pp. 498-500, Secs. 36, 37; 3 Page on
Wills, pp. 385-388, Sec. 1123.  The
court, however, declined to apply that
rule to Mrs. Bagley's will, believing
that if it did, the testatrix' inten-
tion would be defeated, and held that
while N. G. Bagley, the husband, took
under Mrs. Bagley's will an estate in
fee in the entire property, a trust
would attach for the benefit of the
nieces and that they were entitled to
receive 'all such property as belonged
to the estate of Mrs. Bagley at the time
of her death as was not consumed in its
use or disposed of by N. G. Bagley be-
fore his death.'"

Thus the McMurray case and the many cases that have
followed it stand for the proposition that the conflict between
the gift apparently absolute and the gift over of property not
disposed of will not defeat the general intention as ascertained
by reading the instrument as a whole.  See 28 T.L.R. 125; 17
A.L.R.2d 76-78, "Anno: Absolute Grant - Purported Limitation."

We think the intention of the decedent in this case as
manifested from all the provisions of his will necessitates the

same result as that reached in the McMurray case. Since the beneficiary received an estate in fee impressed with a trust, the provisions of Article 14.08 are clearly inapplicable; and the inheritance tax must be computed on the full value of the property received by the surviving wife. The nature of the estate created must be determined, of course, in each case by ascertaining the intent of the testator from the will as a whole.

## S U M M A R Y

Where will creates an estate in fee in certain properties impressed with a trust in favor of a third party should any portion of the estate remain at the death of the first beneficiary, inheritance taxes should be computed on the full value of the property received by the first beneficiary rather than under the provisions of Article 14.08.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

J. H. Broadhurst
F. C. Jack Goodman
Paul Robertson
Robert Lewis

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone