

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 24, 1963

This Opinion
Overrules Opinion
* *WW-1063*

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. C-64

Re: Computation of Inheri-
tance Taxes on Royalty
Interest of Life Tenant
Under Submitted Facts

We quote the following from your letter requesting the opinion of this office on the above captioned matter:

"We desire the opinion of your office regarding the computation of inheritance taxes on royalty interests of life tenants under submitted facts.

"John Alexander Graves, Jr., died testate a resident of Tarrant County on October 9, 1962, owning a royalty interest under 612 acres of land in Jackson County, Texas. This royalty interest has a value of $40,000 based upon a twenty-four months payout.

"Paragraph 4 of the will of the deceased reads in part as follows:

"'I bequeath and devise to my beloved wife, Nancy Kay Graves, for her life, all my interest and estate in my lands in Jackson County, Texas, . . . . containing 732 acres more or less of which I own the surface, and an undivided interest in the minerals in and under 612 acres of said lands, my mineral interest not including Lot 11 thereof.

"'In addition to a life estate, I devise and grant to my said wife a general power of appointment over said lands and estates in Jackson County, Texas. This power may be exercised by deed or by will by appointment to whomever she desires, or to herself, her

-313-

estate, her creditors or the creditors
of her estate for whatever objects she
desires.  Upon the death of my wife,
should she fail to effectively exercise
the power of appointment, I direct that
the property shall pass in equal shares
to my daughter, Nancy Ann Wynne, and to
my son, John A. Graves, III.

"'My said wife is to hold her life
estate in said lands without bond and
without liability for impeachment for
waste, and is to have all the rights
of the owner of a legal life estate
including the right to possess and
enjoy said property, to receive and
use the entire income therefrom with
power to dispose the principal and
accrued or accumulated but undistri-
buted income as she shall appoint.

"'My said wife is to have full power
and authority to use or to lease the
surface of said lands for agricultural
or commercial purposes and to make any
use of the surface of said lands which
she determines to be useful and profit-
able, and to drill water wells thereon
and use or sell the water found or pro-
duced on said lands.

"'My said wife is to have full power
and authority to develop and produce
any oil, gas, sulphur, gravel, clay,
or other minerals on and under said
lands, and to open new wells and mines
and to market and sell all the products
from said lands.  She is to have full
power and authority to make and execute
oil and gas leases, all easements,
rights-of-way, surface leases, and to
receive and use as her own property
all bonus moneys, and consideration
for same, all rentals, royalties, pay-
ments out of oil or gas or other min-
erals, payments for non-development,
drainage or damages, and any and all
sums due and payable in connection with
the drilling and development and pro-
duction of oil, gas, sulphur, or any
other minerals from said lands.

"'In the exercise of the power of
appointment hereby granted, my wife
may appoint life estates to one or
more objects of the power with remain-
der to others, appoint to grandchildren
even though the parents of such ap-
pointees are still living, appoint by
deed or by will executed during my life-
time or after my death.

"'The above does not limit or re-
strict her powers as holder of a life
estate or as donee under the power of
appointment above granted, and she is
to own and hold said property as her
own without restriction on her right
to use, consume and dispose of said
property.'

"The surviving spouse and principal
beneficiary has a life expectancy of
nine years and therefore will consume
all the mineral value, so we are attempt-
ing to distribute this interest for inheri-
tance tax purposes according to your rul-
ing in Opinion No. 1063, . . . .

"Please advise whether or not the hold-
ing in this opinion is applicable to the
submitted facts."

Opinion No. WW-1063 was concerned with the following facts.
The decedent's will devised all her real property to her legally
adopted son for life to have the use and benefit of same as his
separate property, and upon his death, said real property was
to vest in such of his issue as he might by will appoint.  The
will further provided for the disposition of the property cov-
ered by this devise in the event of failure to exercise the
power of appointment.  There passed under this provision of
the will a royalty interest in the Old Ocean Field in Brazoria
County, Texas.  The average monthly income from the royalty
interest was $6,300.00.  The mineral interest was valued at
$630,000.00 on a 100-month payout basis.

The opinion stated that the life estate in the land
extended to the unsevered oil and gas beneath the surface.  The
beneficiary, at the time of the decedent's death, had a life
expectancy of 36.7 years.  Since he would receive the entire
royalty interest in 100 months, the opinion held that inheritance

taxes should be computed on the entire value of the life tenant's royalty interest, rather than under the provisions of Article 14.08, Ch. 14, Title 122A, 20A, Tax.-Gen., Vernon's Annotated Texas Statutes, which provides the statutory method for computing the value of two or more estates, as an estate for years or for life, and a remainder.

We have concluded that we were in error in so holding, and that Opinion No. WW-1063 must be overruled in view of Calvert v. Thompson, 339 S.W.2d 685 (Tex.Civ.App. 1960, error ref.).

In the Thompson case, the decedent's will contained the following provision:

> "All of the rest and residue of my
> property, real, personal and mixed, I
> hereby give, devise and bequeath to my
> beloved wife, Cora Thompson, during her
> lifetime, with full power to sell or
> otherwise dispose of same, and at her
> death, to my children John W. Thompson
> and Ida May Thompson, share and share
> alike, in fee simple."

The tax was assessed against the interest of Cora Thompson and its amount was determined on the basis of the value of the entire residuary estate. The court held that the fact that the life tenant was given the power of disposal did not change the estate into something other than an estate for life, citing, among other cases , Wier v. Smith, 62 Tex. 1, (1884); Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823 (1945), and authorities cited therein. This, of course, had long been the established rule in the jurisprudence of this state.

At page 688, the court said:

"/ 2 / The statute, Art. 7123,[1] supra,

---

[1] Article 7123, presently carried as Article 14.08, Ch. 14, Title 122A, 20A, Tax.-Gen., V.A.T.S., reads as follows:

> "If the property passing as aforesaid shall
> be divided into two or more estates, as an estate
> for years or for life and a remainder, the tax
> shall be levied on each estate or interest separately, according to the value of the same at the
> death of the decedent. The value of estates for

is plain in providing the method for deter-
mining the value of estates for life and
remainders and any other method of deter-
mining such values would violate the sta-
tute.  For this reason the most probable
future disposition of the estate by the
life tenant would not be a proper item to
be considered in determining the amount of
inheritance taxes due. . . ."

Since the Texas courts have held that valuation for in-
heritance tax purposes is unaffected by the life tenant's un-
fettered power of sale, we think that we are bound to disregard
the fact that in the instant case, as well as in Opinion No.
WW-1063, the life tenant could receive the entire value of the
royalty interest.  Opinion No. WW-1063 is hereby overruled, and
you are advised that inheritance taxes should be computed under
the provisions of Article 14.08.

## S U M M A R Y

Under submitted facts, inheritance tax
should be computed on life tenant's royalty
interest according to the provisions of Arti-
cle 14.08, Ch. 14, Title 122A, Tax.-Gen.,
V.A.T.S.  Opinion No. WW-1063 is hereby over-
ruled.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
    Marietta McGregor Payne
    Assistant Attorney General

MMP/jp

APPROVED:

---

[1] (Cont'd)
    years, estates for life, remainders and annuities,
    shall be determined by the 'Actuaries Combined
    Experience Tables,' at four per cent compound
    interest."

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. E. Allen
J. Arthur Sandlin
Ernest Fortenberry

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone