

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 2, 1967

Honorable Robert S. Calvert     Opinion No. M-141
Comptroller of Public Accounts
State Capitol                   Re:  Whether under Article 6.03,
Austin, Texas 78711                  Section B, Taxation-General,
                                     V.C.S., a car dealer loses
                                     his right to tax exemption
                                     when he uses a vehicle for
                                     other than "demonstration"
                                     purposes to a specific
                                     prospective customer and
                                     related question concern-
                                     ing definition of "demon-
Dear Mr. Calvert:                    stration."

        You have requested an opinion from this office regarding
the above captioned matter and a related question.

        The facts which you have furnished are quoted below,
in part:

                "Attorney General's Opinions WW-338 and
                WW-390 serve to support this Department's
                determination that while motor vehicles
                used by automobile agencies solely for
                the purpose of demonstration should be
                exempt from the Motor Vehicle Sales and
                Use Tax, we do not believe that this
                exemption can be legally extended to
                include vehicles that are used for any
                other purposes.  It is our thought that
                the tax is due to be paid on any vehicle
                that the automobile dealer, any member
                of his family or any of his employees may
                use for any other reason whether it be
                for personal or business reasons.  It
                has come to our attention that many
                dealers operate motor vehicles, bearing
                dealer licenses, in the same manner as
                the average citizen would operate his

personal family car. Are we correct
in assuming that the dealer loses his
right to the exemption for the Motor
Vehicle Sales and Use Tax when the vehi-
cles are used for any other purpose
than to demonstrate it to a specific
prospective customer? We frequently
find cases of where a dealer will
operate several automobiles on dealer
licenses and will allow all members
of his family to use these vehicles
with no restrictions of any kind. The
dealer's wife may drive one vehicle in
her shopping and to her clubs, and
cases have been known where his chil-
dren will drive other tax exempt vehi-
cles to out of town colleges. We
request that you give us a clear-cut
definition of the word 'demonstration'
as it applies to automobile dealers,
and inform us of the extent of the
rights of both the automobile dealers,
and the State of Texas, with respect
to a tax exemption based on the 'demon-
strator' status of the motor vehicle."

The pertinent provisions which govern these matters
read as follows:

Article 6.01(1) which imposes the tax states:

"There is hereby levied a tax upon
every retail sale of every motor
vehicle sold in this State, such tax
to be equal to two per cent (2%) of
the total consideration paid or to
be paid for said motor vehicle."

Article 6.03, Section (B) states:

"Retail Sale. The term 'retail sale'
as herein used shall include all sales
of motor vehicles except those whereby
the purchaser acquires a motor vehicle
for the exclusive purpose of resale and
not for use." (Emphasis added.)

We hold that these articles are clear, unamibiguous and not subject to construction. Thus contrary opinions of the Attorney General and departmental constructions must yield. Calvert v. Thompson, 339 S.W.2d 685 (Tex.Civ.App. 1960, error ref.). A revenue law is to be liberally construed to effectuate the expressed legislative intent and objective of the law and to promote justice if it be subject to any interpretation. 54 Tex.Jur.2d 165-166, Taxation, § 41; Article 1.01, Taxation-General; Article 10, subdivision 8, V.C.S. When the statute is subject to construction and the question is one of exemption from taxation, the law is construed liberally in favor of the taxing authority and strictly against the taxpayer. Where the question is whether the person on whom the tax is sought to be imposed comes within the statutory provision imposing the tax, the statute must be construed strictly against the taxing authority and liberally in favor of the taxpayer. Texas Unemployment Compensation Commission v. Bass, 137 Tex. 1, 151 S.W.2d 567 (1941). However, since the statute is clear, it is not subject to construction and rules of statutory construction need not be employed.

Article 6.01 levies a tax on "every retail sale" of motor vehicles. Article 6.03 defines "retail sale" as all sales except where the purchaser acquires a vehicle for the exclusive purpose of resale and not for use. The transaction between the manufacturer and the dealer is unquestionably a sale. Article 6.03(A). The question is therefore whether vehicles in the hands of a dealer were acquired for the exclusive purpose of resale and not for use. The answer must lie in the facts involved, i.e., what the dealer does with vehicles acquired from the manufacturer and whether these facts are consistent with having acquired the vehicle for the sole purpose of reselling it. Based on the facts known to us, we conclude:

1. If the vehicle is acquired to be used as a demonstrator to sell other vehicles, it was acquired for use, i.e., to sell other vehicles and is taxable. (Attorney General Opinions Nos. O-3742 and WW-338.)

2. Vehicles purchased as service or work vehicles or for other use in the business are acquired for use and are taxable.

3.  A *fortiori*, vehicles purchased for use by dealers, their families or employees as personal automobiles are taxable.

4.  If a vehicle is acquired for the exclusive purpose of resale and is driven by a prospective purchaser with the idea of buying that vehicle there is no tax. The fact that the prospect ends up purchasing another vehicle from the inventory of the dealer, or orders a vehicle from the manufacturer, not in inventory, would not alter the result.

5.  Similarly, a vehicle acquired for the exclusive purpose of resale may be driven by a dealer or his employees in connection with an attempted sale to a particular prospect and there is no tax.

6.  Some incidental personal or business use of a vehicle in the status mentioned in 4 or 5 above would not change the tax status, as in this circumstance the rule of de minimis would apply. However, any extensive personal or business use will cause the tax to be payable. This would include salesmen working strictly on a commission basis. Attorney General Opinion WW-390 is overruled to the extent of any conflict with the holding herein.

All of the above situations necessarily turn on the facts involved. Many varied fact situations will be faced and there are practical limitations on the acquisition of complete facts involving any one vehicle. Thus you may determine that enactment of regulations under Article 6.04 will best provide certainty in the minds of both the taxpayers and the tax collectors as to when a tax is due and permit its efficient collection. Also, in response to your request for a definition of "demonstration" or "demonstrator," we should point out that these terms do not appear in the statute and

have no legal significance except insofar as they indicate the facts involved in a particular situation. To the extent that these terms are employed in this area they should be given their common ordinary meaning attributed to them in the trade. Being terms in common use, they should be read according to their natural ordinary and proper meaning unless a contrary intention is clearly apparent from the context or there is some necessity in a particular case for adopting a particular construction. Board of Insurance Commissioners v. Duncan, 174 S.W.2d 326, 328 (Tex.Civ.App. 1943, error ref.).

A demonstrator is commonly understood to be a motor vehicle used for the business purpose of "demonstrating" or advertising the type of vehicle which the dealer has for sale to the public, and not itself being exhibited for immediate sale, although nevertheless held to be resold ultimately at a lower figure than similar cars which have not been so used.

### S U M M A R Y

The Motor Vehicle Sales Tax applies to all sales of motor vehicles to a dealer where the vehicle is extensively utilized for the personal or business purposes of the dealer, his family or employees, including use of the vehicle as a demonstrator to effect the sale of other vehicles. The tax does not apply where the vehicle is driven in connection with an attempted sale to a prospective purchaser; nor to other incidental use in connection therewith.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General
KT/fb

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Roger Tyler
Harold Kennedy
Marietta Payne
Dyer Moore

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.