WINNEBAGO INDUSTRIES, INC., Motor Vehicle Board and Motor Vehicle Division of the Texas Department of Transportation, Appellants,

v.

Linda RENEAU and Rocky Davis, Appellees.

No. 03-97-00544-CV.

Court of Appeals of Texas, Austin.

Sept. 24, 1998.

Rehearing Overruled Nov. 5, 1998.

Linda B. Secord, Asst. Atty. Gen., Natural Resources Div., Austin, for Motor Vehicle Bd. & Motor Veh. Div. of TxDot.

Christopher J. Lowman, Hlavinka & Lowman, L.L.P., Houston, for Winnebago Industries.

Before POWERS, KIDD and B.A. SMITH, JJ.

POWERS, Justice.

Linda Reneau and Rocky Davis filed a complaint against Winnebago Industries, Inc. ("Winnebago") with the Texas Motor Vehicle Board (the "Board"), pursuant to the Texas Lemon Law. Tex.Rev.Civ. Stat. Ann. art. 4413(36) (Texas Motor Vehicle Commission Code) (the "TMVCC") § 6.07 (West 1998). The Board dismissed the complaint for want of jurisdiction. On judicial review, the district court concluded the Board had jurisdiction to entertain the complaint, reversed the Board order, and remanded the matter to the Board. Winnebago and the Board appeal. We will affirm in part and reverse in part the district-court judgment.

### THE CONTROVERSY

Reneau is a New Mexico resident who purchased in that state a Winnebago motorhome. Davis married Reneau after the purchase. Soon after the purchase, problems arose with the motor vehicle. A New Mexico dealer and dealers in Louisiana and Texas were unable to correct the problems. Winnebago's warranty autho-

rized Reneau to take the vehicle for warranty work to any authorized dealer in the United States. At Winnebago's request, Reneau finally took the vehicle to a dealer in Temple, Texas. The Temple dealer failed to fix the problems to Reneau's satisfaction and she complained to the Board under the Texas Lemon Law. *See* TMVCC § 6.07(e)(2). Winnebago appeared in the proceeding.

After a hearing before an administrative law judge, the Board concluded Reneau lacked sufficient "minimum contacts" with Texas to invoke the interests of the State in adjudicating her complaint because she was neither a citizen of Texas nor a person who had purchased a motor vehicle in the State.[1] The Board dismissed Reneau's complaint for want of jurisdiction. The district court disagreed with the Board's conclusions and reversed the Board's decision. Winnebago and the Board appeal.

## DISCUSSION AND HOLDINGS

■ The sole question on appeal is whether relief under the Lemon Law is restricted to Texas citizens and those who purchase a motor vehicle in Texas. The issue is a pure question of statutory construction to determine the intent of the legislature and give that intent legal effect. *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994).

A statement of legislative purpose is an appropriate starting point for the interpretation of a statute. *See* 2A *Sutherland Statutory Construction* § 45.09 (5th ed.1991). The policy and purpose statement of the TMVCC declares as follows:

1. The proposal for decision adopted by the Board focuses on the theory that "minimum contacts" with the State are required to justify Texas' interest in adjudicating a Lemon Law complaint (regardless of whether the complainant is a "citizen") and suggested, as an example, that Texas interests would be sufficiently invoked by a purchaser who bought a vehicle in the State. Winnebago makes on appeal the more straightforward argument that only "Texas citizens or those

### Policy and Purpose

The distribution and sale of motor vehicles in this State vitally affects the general economy of the State and the public interest and welfare of its *citizens*. It is the policy of this State and the purpose of this Act to exercise the State's police power to ensure a sound system of distributing and selling motor vehicles through licensing and regulating manufacturers ... in order to provide for compliance with manufacturer's warranties, and to prevent frauds, unfair practices, discriminations, impositions and other abuses of our *citizens*.

TMVCC § 1.02 (emphasis added). This is the sole textual basis for Winnebago's interpretation that relief under the Lemon Law is restricted to Texas citizens.[2] Winnebago urges in support of its interpretation the rule of departmental construction stated in *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 273 (1944): courts will ordinarily adopt and uphold a construction placed upon a statute by an executive officer or department charged with administration of the statute, *provided* the statute is *ambiguous* or uncertain and the agency construction is reasonable. *Id.*

The judicial deference required by the foregoing rule is not applicable in the present case because the Lemon Law *expressly* and *unambiguously* defines the class of persons who may obtain relief thereunder. Section 3.08 of the TMVCC authorizes the "owner" of a new motor vehicle to make a complaint to the Board regarding defects that are covered by a warranty agreement. TMVCC § 3.01(i). The complaint of an "owner" invokes the Board's jurisdiction. *Id.* § 3.08. The Lemon Law defines as

who have purchased a vehicle in Texas" are entitled to relief under the Lemon Law. In our opinion both theories are erroneous for reasons discussed in the text.

2. Section 6.07(a) of the TMVCC, discussed in the text, is the source of Winnebago's interpretation that purchasers of new vehicles in the State of Texas are also entitled to relief under the Lemon Law.

follows an "owner" eligible to file a Lemon Law complaint:

> [A] retail purchaser ... or the person so designated on the certificate of title to a motor vehicle issued by the Texas Department of Transportation, *or an equivalent document issued by the duly authorized agency of any other state,* or any person to whom such motor vehicle is transferred during the duration of a manufacturer's or distributer's express warranty applicable to such motor vehicle, and *any other person* entitled by the terms of the manufacturer's, converter's, or distributor's express warranty to enforce the obligations thereof.

TMVCC § 6.07(a) (emphasis added).

The foregoing statute is specific and certain in defining the class of persons who may complain to the Board in cases like the present. It cannot be disputed that Reneau comes within that class based upon her New Mexico title document. The statute being specific and unambiguous on the point, any Board interpretation of the Lemon Law contrary to section 6.07(a) is entitled to no judicial deference; an administrative agency is not free to vary the terms of an unambiguous statute. *Calvert v. Thompson,* 339 S.W.2d 685, 688–89 (Tex. Civ.App.—Austin 1960, writ ref'd); *Fulgham v. Southland Cotton Oil Co.,* 296 S.W.2d 332, 334 (Tex.Civ.App.—Austin 1956, writ ref'd).

Is the definition in section 6.07(a) rendered ambiguous by the word "citizen" found in the policy and purpose statement in the Lemon Law? We believe not. "The policy section like the preamble is available for the clarification of ambiguous provisions of the statute, but may not be used to create ambiguity." 1A *Sutherland Statutory Construction* § 21.012 (5th ed.1993). Moreover, if an ambiguity could be assumed to exist we would have to reject the Board's and Winnebago's interpretations to avoid destroying the force and effect of the words in section 6.07(a) defining an owner explicitly to *include* a retail purchaser designated on "an equivalent docu-

ment issued by the duly authorized agency of any other state." *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). Finally, we should say we are bound by the specific definition of "owner" found in section 6.07(a). *See Day & Zimmermann, Inc. v. Calvert,* 519 S.W.2d 106, 110 (Tex.1975).

Because Reneau is an "owner" under section 6.07(a) as a matter of law, we affirm as to Reneau the district-court judgment reversing the Board's decision and remanding the controversy to the Board. Because neither Reneau nor Davis challenged the Board's findings that Reneau is the sole owner of the vehicle at issue, we hold that Davis, because he is not an owner as defined in section 6.07(a), has no standing to pursue a Lemon Law complaint with regard to the motor vehicle. We therefore vacate the district-court judgment with respect to Davis and dismiss the cause insofar as his claim is concerned. *See* Tex.R.App. P. 43.2(e).