TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00544-CV







Winnebago Industries, Inc., Motor Vehicle Board and Motor Vehicle


Division of the Texas Department of Transportation, Appellants



v.



Linda Reneau and Rocky Davis, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 96-11574, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








 Linda Reneau and Rocky Davis filed a complaint against Winnebago Industries, Inc.
("Winnebago") with the Texas Motor Vehicle Board (the "Board"), pursuant to the Texas Lemon
Law. Tex. Rev. Civ. Stat. Ann. art. 4413(36) (Texas Motor Vehicle Commission Code) (the
"TMVCC") § 6.07 (West 1998). The Board dismissed the complaint for want of jurisdiction. 
On judicial review, the district court concluded the Board had jurisdiction to entertain the
complaint, reversed the Board order, and remanded the matter to the Board. Winnebago and the
Board appeal. We will affirm in part and reverse in part the district-court judgment.


THE CONTROVERSY


 Reneau is a New Mexico resident who purchased in that state a Winnebago
motorhome. Davis married Reneau after the purchase. Soon after the purchase, problems arose
with the motor vehicle. A New Mexico dealer and dealers in Louisiana and Texas were unable
to correct the problems. Winnebago's warranty authorized Reneau to take the vehicle for warranty
work to any authorized dealer in the United States. At Winnebago's request, Reneau finally took
the vehicle to a dealer in Temple, Texas. The Temple dealer failed to fix the problems to
Reneau's satisfaction and she complained to the Board under the Texas Lemon Law. See TMVCC
§ 6.07(e)(2). Winnebago appeared in the proceeding.

 After a hearing before an administrative law judge, the Board concluded Reneau
lacked sufficient "minimum contacts" with Texas to invoke the interests of the State in
adjudicating her complaint because she was neither a citizen of Texas nor a person who had
purchased a motor vehicle in the State. (1) The Board dismissed Reneau's complaint for want of
jurisdiction. The district court disagreed with the Board's conclusions and reversed the Board's
decision. Winnebago and the Board appeal.


DISCUSSION AND HOLDINGS


 The sole question on appeal is whether relief under the Lemon Law is restricted to
Texas citizens and those who purchase a motor vehicle in Texas. The issue is a pure question of
statutory construction to determine the intent of the legislature and give that intent legal effect. 
Union Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex. 1994).

 A statement of legislative purpose is an appropriate starting point for the
interpretation of a statute. See 2A Sutherland Statutory Construction § 45.09 (5th ed. 1991). The
policy and purpose statement of the TMVCC declares as follows:


Policy and Purpose


The distribution and sale of motor vehicles in this State vitally affects the general
economy of the State and the public interest and welfare of its citizens. It is the
policy of this State and the purpose of this Act to exercise the State's police power
to ensure a sound system of distributing and selling motor vehicles through
licensing and regulating manufacturers . . . in order to provide for compliance with
manufacturer's warranties, and to prevent frauds, unfair practices, discriminations,
impositions and other abuses of our citizens.



TMVCC § 1.02 (emphasis added). This is the sole textual basis for Winnebago's interpretation
that relief under the Lemon Law is restricted to Texas citizens. (2) Winnebago urges in support of
its interpretation the rule of departmental construction stated in Stanford v. Butler, 181 S.W.2d
269, 273 (Tex. 1944): courts will ordinarily adopt and uphold a construction placed upon a statute
by an executive officer or department charged with administration of the statute, provided the
statute is ambiguous or uncertain and the agency construction is reasonable. Id.

 The judicial deference required by the foregoing rule is not applicable in the present
case because the Lemon Law expressly and unambiguously defines the class of persons who may
obtain relief thereunder. Section 3.08 of the TMVCC authorizes the "owner" of a new motor
vehicle to make a complaint to the Board regarding defects that are covered by a warranty
agreement. TMVCC § 3.01(i). The complaint of an "owner" invokes the Board's jurisdiction. 
Id. § 3.08. The Lemon Law defines as follows an "owner" eligible to file a Lemon Law
complaint:


[A] retail purchaser . . . or the person so designated on the certificate of title to a
motor vehicle issued by the Texas Department of Transportation, or an equivalent
document issued by the duly authorized agency of any other state, or any person to
whom such motor vehicle is transferred during the duration of a manufacturer's or
distributer's express warranty applicable to such motor vehicle, and any other
person entitled by the terms of the manufacturer's, converter's, or distributor's
express warranty to enforce the obligations thereof.



TMVCC § 6.07(a) (emphasis added). 

 The foregoing statute is specific and certain in defining the class of persons who
may complain to the Board in cases like the present. It cannot be disputed that Reneau comes
within that class based upon her New Mexico title document. The statute being specific and
unambiguous on the point, any Board interpretation of the Lemon Law contrary to section 6.07(a)
is entitled to no judicial deference; an administrative agency is not free to vary the terms of an
unambiguous statute. Calvert v. Thompson, 339 S.W.2d 685, 688-89 (Tex. Civ. App.--Austin
1960, writ ref'd); Fulgham v. Southland Cotton Oil Co., 296 S.W.2d 332, 334 (Tex. Civ.
App.--Austin 1956, writ ref'd).

 Is the definition in section 6.07(a) rendered ambiguous by the word "citizen" found
in the policy and purpose statement in the Lemon Law? We believe not. "The policy section like
the preamble is available for the clarification of ambiguous provisions of the statute, but may not
be used to create ambiguity." 1A Sutherland Statutory Construction § 21.012 (5th ed. 1993). 
Moreover, if an ambiguity could be assumed to exist we would have to reject the Board's and
Winnebago's interpretations to avoid destroying the force and effect of the words in section
6.07(a) defining an owner explicitly to include a retail purchaser designated on "an equivalent
document issued by the duly authorized agency of any other state." See Cameron v. Terrell &
Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981). Finally, we should say we are bound by the
specific definition of "owner" found in section 6.07(a). See Day & Zimmermann, Inc. v. Calvert,
519 S.W.2d 106, 110 (Tex. 1975).

 Because Reneau is an "owner" under section 6.07(a) as a matter of law, we affirm 
as to Reneau the district-court judgment reversing the Board's decision and remanding the
controversy to the Board. Because neither Reneau nor Davis challenged the Board's findings that
Reneau is the sole owner of the vehicle at issue, we hold that Davis, because he is not an owner
as defined in section 6.07(a), has no standing to pursue a Lemon Law complaint with regard to
the motor vehicle. We therefore vacate the district-court judgment with respect to Davis and
dismiss the cause insofar as his claim is concerned. See Tex. R. App. P. 43.2(e).



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed in Part; Vacated and Dismissed in Part

Filed: September 24, 1998

Publish
1. The proposal for decision adopted by the Board focuses on the theory that "minimum
contacts" with the State are required to justify Texas' interest in adjudicating a Lemon Law
complaint (regardless of whether the complainant is a "citizen") and suggested, as an example,
that Texas interests would be sufficiently invoked by a purchaser who bought a vehicle in the
State. Winnebago makes on appeal the more straightforward argument that only "Texas citizens
or those who have purchased a vehicle in Texas" are entitled to relief under the Lemon Law. In
our opinion both theories are erroneous for reasons discussed in the text.
2. Section 6.07(a) of the TMVCC, discussed in the text, is the source of Winnebago's
interpretation that purchasers of new vehicles in the State of Texas are also entitled to relief under
the Lemon Law.



signated on the certificate of title to a
motor vehicle issued by the Texas Department of Transportation, or an equivalent
document issued by the duly authorized agency of any other state, or any person to
whom such motor vehicle is transferred during the duration of a manufacturer's or
distributer's express warranty applicable to such motor vehicle, and any other
person entitled by the terms of the manufacturer's, converter's, or distributor's
express warranty to enforce the obligations thereof.



TMVCC § 6.07(a) (emphasis added). 

 The foregoing statute is specific and certain in defining the class of persons who
may complain to the Board in cases like the present. It cannot be disputed that Reneau comes
within that class based upon her New Mexico title document. The statute being specific and
unambiguous on the point, any Board interpretation of the Lemon Law contrary to section 6.07(a)
is entitled to no judicial deference; an administrative agency is not free to vary the terms of an
unambiguous statute. Calvert v. Thompson, 339 S.W.2d 685, 688-89 (Tex. Civ. App.--Austin
1960, writ ref'd); Fulgham v. Southland Cotton Oil Co., 296 S.W.2d 332, 334 (Tex. Civ.
App.--Austin 1956, writ ref'd).

 Is the definition in section 6.07(a) rendered ambiguous by the word "citizen" found
in the policy and purpose statement in the Lemon Law? We believe not. "The policy section like
the preamble is available for the clarification of ambiguous provisions of the statute, but may not
be used to create ambiguity." 1A Sutherland Statutory Construction § 21.012 (5th ed. 1993). 
Moreover, if an ambiguity could be assumed to exist we would have to reject the Board's and
Winnebago's interpretations to avoid destroying the force and effect of the words in section
6.07(a) defining an owner explicitly to include a retail purchaser designated on "an equivalent
document issued by the duly authorized agency of any other state." See Cameron v. Terrell &
Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981). Finally, we