NEUBERT *et al.*, Plaintiffs-Appellants, *v.* CHARLES P. FOXWORTHY, Ex-Officio County Collector of Vermilion County, Defendant-Appellee.

Fourth District   No. 15173

Opinion filed April 25, 1979.—Rehearing denied June 14, 1979.

Manion, Janov and Edgar, Ltd., of Hoopeston (Rick E. Janov, of counsel), for appellants.

Thomas J. Fahey, State's Attorney, of Danville (Richard Kurth, Assistant State's Attorney, of counsel), for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The plaintiffs are taxpayers who brought suit in the circuit court of Vermilion County against the defendant, Charles P. Foxworthy, as ex-officio county collector, seeking refunds for taxes paid by them for the year 1972 on certain real property in the county. Following a hearing, the circuit court found in favor of the plaintiffs as to all but a few of the tracts and a judgment ordering refunds was entered on July 26, 1974. On appeal by the defendant, this court affirmed in *Andrews v. Foxworthy* (1976), 43 Ill. App. 3d 438, 357 N.E.2d 678. The supreme court subsequently affirmed in *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332. Following the supreme court decision, the refunds were made in full. On April 14, 1978, plaintiffs filed a petition seeking interest from the date the circuit court entered judgment on July 26, 1974, until the dates the refunds were actually paid. On May 17, 1978, the circuit court entered an order denying plaintiffs' motion seeking assessment of interest. On appeal, plaintiffs contend that interest may be assessed on a judgment of refund for real estate taxes from the date of judgment until the date of payment.

Plaintiffs rely upon the broad language of section 3 of the Interest Act

(Ill. Rev. Stat. 1973, ch. 74, par. 3). At the time the judgment ordering refunds was entered, section 3 provided in part:

"Judgments recovered before any court or magistrate shall draw interest at the rate of 6% per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment." Ill. Rev. Stat. 1973, ch. 74, par. 3.

During the regular session of the 80th General Assembly, two acts were passed amending section 3 of the Act. Public Act 80-722, effective October 1, 1977, amended section 3 to read in part as follows:

"Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the same until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, or a school district or community college district." (Ill. Rev. Stat. 1977, ch. 74, par. 3.)

Public Act 80-914, also effective October 1, 1977, amended section 3 of the Act to read in part as follows:

"Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the judgment until satisfied, except that judgments recovered against governmental entities shall draw interest at the rate of 6% per annum." Ill. Rev. Stat. 1977, ch. 74, par. 3.

Section 6 of the statutory construction act (Ill. Rev. Stat. 1977, ch. 131, par. 4.2) provides that where two or more acts relating to the same subject matter are enacted by the same General Assembly, they shall be construed together so as to give full effect to each act unless an irreconcilable conflict exists, in which case the last act acted upon becomes controlling. Both amending acts of 1977 are significant here in that they expressly refer to judgments against units of local government for the purpose of providing such entities a lower rate of interest. Plaintiff argues that it may be inferred that the broad language of section 3 of the Interest Act in effect at the time the circuit court entered judgment in the instant case included *all* judgments against local units of government.

In support of their position, plaintiffs cite *State of Texas v. Tennessee Gas Transmission Co.* (Tex. Civ. App. 1956), 289 S.W.2d 309. In *Tennessee Gas*, the appellee gas company, pursuant to a resolution of the legislature, sued the State of Texas to recover license taxes paid without protest together with interest on the amount of taxes paid from the date of payment. The statute under which the tax had been collected was earlier declared unconstitutional. The trial court entered judgment refunding the

taxes paid and awarded the appellee not only interest from the date taxes were paid until the date of judgment, but also interest from the date of judgment until satisfied at the rate of 6% per annum. The appellate court reversed the award of interest from the date the payments were made to the date of judgment. However, the appellate court further stated:

"[The statute] provides that all judgments of the courts of this State shall bear interest from date at the rate of six percent per annum. This statute contains no exceptions and the judgment rendered in this case was properly made to bear interest from its date." 289 S.W.2d 309, 311-12.

Six months after the decision in *Tennessee Gas*, the same Texas appellate court decided *Fulgham v. Southland Cotton Oil Co.* (Tex. Civ. App. 1956), 296 S.W.2d 332. In *Fulgham*, the appellee oil company sued to recover franchise taxes paid under protest and 6 percent interest thereon from the date of such payment. The trial court entered judgment allowing 6 percent interest from the date the oil company paid the disputed tax under protest. The appellate court distinguished *Tennessee Gas* by stating:

"In that case the taxes were not paid under protest and the suit was not brought under the authority of nor in accordance with the provisions of the protest statute, 7057b, supra. There we allowed no recovery of interest until judgment was rendered and thereafter interest at 6%. In applying for a writ of error the State did not question this ruling.

The instant case is controlled by the protest statute which we believe to deny the recovery of interest both before and after judgment except as therein provided." (296 S.W.2d 332, 334.)

The appellate court in *Fulgham* modified the judgment to direct the recovery of interest on the moneys paid in accordance with the protest statute. We conclude from our reading of these two cases that had it not been for the specific statute awarding the interest on taxes paid under protest in *Fulgham*, interest on protested tax refunds would otherwise be denied in Texas under a general statute providing for interest on judgments.

■■ It is well settled in Illinois that, in the absence of a contract or statutory provision, interest is not recoverable. (*Locasio v. Rosewell* (1977), 50 Ill. App. 3d 704, 706, 365 N.E.2d 949.) Defendant argues that since interest is a creature of statute, the failure of the legislature to specifically provide by statute for interest on tax refund judgments, evidences an intent that such interest is not recoverable. Nothing in sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 675, 716) provides for the payment of interest on tax refunds.

In *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d

236, the plaintiff corporation sought to enjoin the county from collecting allegedly excessive corporate taxes. As one of the reasons for seeking equitable relief, the plaintiff contended that it did not have an adequate remedy of law since the refund statute did not provide for the recovery of interest on tax refunds. In addressing this issue, the supreme court stated:

> "Many courts have held that where the taxpayer is entitled to a refund on an excess payment of taxes, he is likewise entitled to interest on the refund as a matter of course, provided no statute or public policy mitigates against it. [Citations.] The contrary view, fully and ably set forth in *Schlesinger v. State*, 195 Wis. 366, 218 N.W. 440, is that interest cannot be allowed upon taxes that were illegally collected in the absence of a statute expressly providing for interest. [Citations.] The latter view has its antecedents in the rule that interest, being a creature of statute, is recoverable only by statute or contract, and in the practical aspects of the circumstances that a tax collector, being a mere trustee of public funds collected for specific purposes, has no money to pay interest in the absence of statutory authority to establish a fund for that purpose.
> We are of the opinion the latter view is the only view compatible with the statutory system which provides for the appropriation, levy, collection and disbursement of taxes in this State, and we think too, as other courts have pointed out, [citations] that the silence of our refund statute on the question of interest discloses a legislative intention to deny it. Accordingly, we conclude that plaintiff is not entitled to interest in the absence of a statute imposing that liability. This being so, the failure of the statutory remedy to provide for the recovery of interest is no measure of its adequacy or inadequacy." 19 Ill. 2d 415, 422-23, 167 N.E.2d 236, 240-41.

In *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299, the supreme court again addressed the issue of interest on tax refunds in connection with actions to enjoin the collection of real estate taxes based upon allegedly fraudulent assessments. The court stated:

> "This court has held in *Lakefront Realty Corp. v. Lorenz, 19 Ill. 2d 415*, that under the statutory remedy provided by sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, pars. 675 and 716) the taxpayer is not entitled to interest on the refund. This court also held in *Lakefront* that this fact does not render the remedy at law inadequate so as to justify equity in assuming jurisdiction. We see no reason to depart from that decision." 56 Ill. 2d 101, 109, 306 N.E.2d 299, 303.

Implicit in *Lakefront* and in *Clarendon* is a rejection of plaintiffs'

contention that they may otherwise recover under section 3 of the Interest Act. Consequently, we conclude that plaintiffs are not entitled to interest on the judgment of refund for real estate taxes from the date of judgment until satisfied. For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.