MICHAEL DENIUS, Adm'r of the Estate of Charles V. Denius, Deceased, Plaintiff-Appellee and Cross-Appellant, *v.* JAMES M. ROBERTSON *et al.*, Defendants.—(THE HOME INSURANCE COMPANY *et al.*, Intervening Appellants and Cross-Appellees.)

Third District    No. 80-491

Opinion filed July 16, 1981.

Robert H. Jennetten, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellants.

Watts C. Johnson, of Johnson, Martin & Russell, of Princeton, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This appeal involves an employer's right under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)) to reimbursement

from any recovery an employee receives from a third-party tortfeasor actually responsible for the employee's injury. Specifically, we are confronted with the manner in which the employer's insurer is to be reimbursed and the employee's attorney's fees paid. Presented for review is the procedure for such calculations as set out in the declaratory judgment order of the La Salle County Circuit Court.

Charles V. Denius was severely injured in a motor vehicle accident while driving a bakery truck for his employer, Haas Baking Company (Haas). Denius subsequently died from those injuries. In accordance with the Illinois Workmen's Compensation Act, the Home Insurance Company (Home), who was the Workmen's Compensation carrier for Haas, paid medical, surgical and burial expenses for the deceased and temporary compensation benefits while he was alive. After the death of Denius, the Illinois Industrial Commission ordered Home to pay $160 per week to Denius' widow for life.

On March 17, 1978, the plaintiff, Michael Denius, administrator of the estate of the deceased, filed a common-law suit against the third-party tortfeasors for personal injuries and the wrongful death of the deceased. Haas and Home intervened in order to protect their lien and right to reimbursement out of the proceeds of any judgment or settlement in favor of the plaintiff.

After intervention was granted, the plaintiff filed an additional count in which he requested that the court declare the manner in which the proceeds of any settlement would be used to reimburse Home, and the manner in which the statutory 25 percent attorney fee was to be applied. The plaintiff, among other things, requested that the court determine that the 25 percent fee be applied to the total amount of settlement and not just to the compensation paid to the date of settlement, that the obligation of Home to the widow to pay $160 per week continue irrespective of any judgment or settlement, and that Home have a lien to the extent of 75 percent of its payments to the widow. Haas and Home, in their answer, requested among other things, that after expenses and attorneys' fees were paid, Home was to receive credit for the remainder of the settlement, and its obligation to pay the widow was to be suspended until the amount of future compensation payments exceeded the net amount of the employee's settlement.

On August 20, 1980, Judge Thomas Flood of the La Salle County Circuit Court, entered a declaratory judgment granting a portion of the relief requested by the plaintiff. The judgment provided as follows:

"THEREFORE, this Court enters a declaratory judgment in accordance with the said Section 57.1 of the Civil Practice Act;

A. That the statutory 25% attorney fee for the plaintiff's attorney be applied against or to the total settlement or judgment and not

the money paid by THE HOME INSURANCE COMPANY to the date of settlement on or at any future date;

B. That the plaintiff's entire costs be applied to the total settlement or judgment;

C. That the plaintiff's 25% attorney fee be paid to them at the time of settlement or payment of judgment, whichever event, if either, occurs out of the moneys being reimbursed to HOME INSURANCE COMPANY;

D. That the obligation of the HOME INSURANCE COMPANY to the widow Maxine Denius continues for the balance of her life at $160.00 per week, irrespective of a collectible settlement agreement or entry of judgment, and that HOME INSURANCE COMPANY have a lien to the extent of 75% of its payments to said widow for attorney fees not previously paid to the plaintiff's attorney;

E. The Court therefore establishes the following formula for payment:

1. If there is a settlement or judgment, the HOME INSURANCE COMPANY will receive 75% of its total provable workmen's compensation lien as of the date of payment of the settlement or judgment;

2. The remaining 25% would be paid to the plaintiff's attorney;

3. Plaintiff's attorney would then be reimbursed the amount of his full costs and litigations expenses;

4. The remaining balance will then be paid to plaintiff and plaintiff's attorney;

5. The total balance would then be divided by $160.00 to determine the number of weeks of future potential workmen's compensation benefits for which HOME INSURANCE COMPANY would continue to have a Workmen's compensation lien of 75% of its payments;

6. During the continued lien period, HOME INSURANCE COMPANY will be obligated to pay to Plaintiff the sum of $160.00 per week, and Plaintiff will be required to return to HOME INSURANCE COMPANY 75% of all such payments; procedurally, HOME INSURANCE COMPANY shall send her $40.00 per week;

7. After the number of weeks of payments provided for in paragraph 5 has been reached, HOME INSURANCE COMPANY will be obligated to pay to the plaintiff the sum of $160.00 per week, not subject to any lien, and she would then be under no obligation to return any portion to the HOME INSURANCE COMPANY."

The plaintiff and the defendants appeal from this order. The defendants, Haas and Home, allege it was error for the trial court to declare that Home is entitled to apply its credit to only 75 percent of its future obligation to pay compensation benefits. We agree.

Section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)) provides in part as follows:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

> Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

From this statutory scheme, it is clear that Home, as carrier for Haas' workmen's compensation insurance, is entitled to reimbursement for its payments out of any settlement reached between the plaintiff's estate and the third-party tortfeasor. The employer has a lien on any judgment in the amount he has paid or is to pay under workmen's compensation. (*Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1979), 76 Ill. App. 3d 898.) It is also equally clear that the employer must pay a pro rata share of costs and attorney's fees.

The statute, however, is not explicit as to the manner in which the employer's reimbursement and workmen's compensation lien is to be applied toward the employer's potential obligation to pay compensation benefits in the future. In *Vandygriff v. Commonwealth Edison Co.* (1979), 68 Ill. App. 3d 396, the court considered the same statutory

scheme. They determined that the employer's credit was to be calculated by deducting from the total settlement: first, the total amount of workmen's compensation already paid by the employer; second, court costs; and third, attorney's fees of 25 percent of the total settlement amount. Furthermore, the resulting net amount was treated by the court as an advance payment of compensation. The employer was relieved from paying any benefits until the entire credit was expended.

We find this calculation and application of credit to the employer sound. It is straightforward and uncomplicated. It provides for a fair and reasonable disposition of proceeds from the party actually responsible for the deceased employee's injury. The workmen's compensation system is based on the public policy that the employer, while himself not actually negligent, should compensate the employee for injury incurred on the job if no other recovery is available. However, when recovery is obtained from the party actually responsible for the employee's injury, fairness and justice require that the employer be reimbursed for the workmen's compensation benefits he has paid or will pay. We conclude, therefore, that the method established in the *Vandygriff* case be utilized in the instant case.

The plaintiff in his cross-appeal claims that the trial court erred in ordering Home to pay merely $40 weekly if a settlement results from the third-party tortfeasor. The plaintiff argues that since the Industrial Commission ordered Haas to pay the employee's widow $160 per week for her life, the trial court has no authority to alter or abrogate that obligation. We agree that this obligation continues regardless of any recovery from the third-party tortfeasor. Such finding was specifically made by the trial court in the declaratory judgment. We find no error in reimbursing or crediting the employer for this future obligation from any recovery obtained from the negligent third party.

We find that court erred, however, in limiting the employer's reimbursement/credit to only 75 percent of his required future payments. Home should receive full credit of $160 weekly until the third-party recovery is exhausted. At such time Home will resume their $160 weekly payments to the plaintiff.

For the reasons herein stated we reverse the order of the La Salle County Circuit Court. The following formula is hereby ordered:

1. If there is a settlement or judgment, the Home Insurance Company will be reimbursed for all workmen's compensation benefits paid previously by them to the deceased or the plaintiff less costs and litigation expenses and less the attorney's fee to be calculated at the rate of 25 percent of the gross amount of the judgment or settlement obtained from the third-party tortfeasor.

2. The remaining net amount will then be paid to the plaintiff.

3. This remaining net amount figure will be divided by $160 to determine the number of weeks of future workmen's compensation benefits for which Home will continue to have a lien. During this time Home will be credited the amount of $160 weekly against its continuing obligation to pay to the plaintiff the sum of $160 weekly. During this time Home will cease their $160 weekly payments.

4. After the number of weeks of payments provided for in paragraph 5 has been exhausted, Home will continue to pay the plaintiff $160 weekly, not subject to any lien.

Reversed.

SCOTT, P. J., and STOUDER, J., concur.