JEROME SHELBY, Plaintiff-Appellee, *v.* SUN EXPRESS, INC., *et al.*, Defendants.—(THE DEPARTMENT OF TRANSPORTATION, Intervenor-Appellant.)

First District (1st Division)    No. 81-0812

Opinion filed June 7, 1982.

Tyrone C. Fahner, Attorney General, of Chicago (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellant.

Fred Lambruschi, of Chicago (Herbert P. Veldenz, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The Illinois Department of Transportation appeals from a portion of an order of the circuit court of Cook County denying immediate reimbursement from the settlement of a personal injury claim of the amount of workmen's compensation paid by it to its employee and also denying it interest on the amount of that compensation. We affirm.

Plaintiff Jerome Shelby, an employee of the Illinois Department of Transportation (Department), while working on a highway resurfacing crew, was struck by a vehicle driven by defendant Gene Aikman, an agent of defendant Sun Express. Plaintiff sustained severe personal injuries for which he sued defendants. Subsequently he settled his claim for $900,000. The Department intervened to secure reimbursement from the settlement of the amount of workmen's compensation benefits it had paid up to that time. These totaled $126,987.11. The Department also sought interest thereon.

After several hearings and modifications of prior orders, the circuit court ordered:

"It is therefore ordered that the Defendants, SUN EXPRESS, INC. and GENE AIKMAN, shall pay the gross amount of $900,000.00 in the form of two separate checks, one check in the sum of $773,012.89 payable to Jerome Shelby and Gladys Shelby, his wife, and their attorney, Fred Lambruschi. The second check in the sum of $126,987.11 payable to Jerome Shelby and Gladys Shelby, his wife, their attorney, Fred Lambruschi and the State of Illinois, Department of Transportation. Said sums shall be deposited

into two Court Approved Restricted Trust Accounts at the LaSalle National Bank of Chicago and the beneficiaries of said trusts shall be designated as Jerome Shelby and Gladys Shelby, his wife, Attorney Fred Lambruschi, and the State of Illinois, Department of Transportation.

The interest that accrues from said trust account in the principal sum of $773,012.89 is to be paid directly to Jerome Shelby and Gladys Shelby, his wife, on demand without further order of this Court during the pendency of this cause of action. The interest in the second account in the principal sum of $126,987.11 shall accrue and not be subject to any distribution to any of the parties until a determination is made by the Appellate Court of Illinois as to which of the parties is entitled to the funds that are created by virtue of said interest payments.

\* \* \*

As previously stated by these court orders, this Court does retain full and complete jurisdiction of this matter and of the said trust accounts until such time as the Workmen's Compensation claim has been terminated and at that time upon application to this Court the Court will order such sums be distributed to the plaintiff, Jerome Shelby and Gladys Shelby, his wife, and their attorney, Fred Lambruschi, and the Department of Transportation of the State of Illinois in full and final discharge of the rights of all parties as is then determined by this Court."

The Department contends that it is entitled to immediate reimbursement from the settlement fund for the amount of workmen's compensation it has paid to its employee and that it is entitled also to interest on that portion of the settlement representing the amount of those workmen's compensation benefits paid, where the settlement fund has been invested and before payment has been disbursed.

Section 5(b) of the Workmen's[1] Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)) provides in pertinent part:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made

---

[1] Now "Workers'." Pub. Act 81-992, effective Jan. 1, 1980.

with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement.

If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party."

The Department argues that the language of this section with reference to a suit brought by an injured employee against a third person for the injuries sustained, "[i]n such case, however, if * * * judgment is obtained and paid, or settlement is made * * *, then from the amount received by such employee * * * there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee * * *," requires that there be immediately paid to the Department from the settlement fund the amount it had already expended at the time of intervention, less its pro rata share of all costs and reasonably necessary expenses and attorney fees. We disagree.

We agree with the Department that the word "then" following "in such case" in the above-quoted provision is an adverb of time and not a reference to a preceding event. *Strain v. Sweeny* (1896), 163 Ill. 603, 608, 45 N.E. 201; *Tolley v. Wilson* (1939), 371 Ill. 124, 133-34, 20 N.E.2d 68; *Sloan v. Beatty* (1953), 1 Ill. 2d 581, 591, 116 N.E.2d 375.

■■ The statute thus provides, with reference to the facts before us, that after the employee had received the settlement the Department shall be paid; but it does not state the precise time at which that payment is to be made. The word "shall," while ordinarily mandatory, does not in the context of the Workmen's Compensation Act require immediate reimbursement for the compensation benefits already paid. The above-quoted language refers to amounts both "paid or to be paid." The Department

recognizes that the future amounts "to be paid" of necessity have to wait until disbursement to be ascertainable and reimbursable. They can only be determined at the conclusion of the proceedings before the Industrial Commission, which at the time of the Department's intervention had not been determined. Because the statute does not explicitly provide for immediate reimbursement of benefits already paid when a settlement is received and because the Department's right to reimbursement here both for past and future payments is completely protected by its lien, we find that no disbursement to the Department should be made until the Industrial Commission has made its determination. At that time disbursement can be made for both past and future benefits, with proper deductions for court costs and attorney fees. See *Vandygriff v. Commonwealth Edison Co.* (1979), 68 Ill. App. 3d 396, 386 N.E.2d 318; *Denius v. Robertson* (1981), 98 Ill. App. 3d 83, 424 N.E.2d 336, *appeal denied* (1981), 85 Ill. 2d 577.

Although an employer's right to intervene in a pending personal injury suit to secure reimbursement for workmen's compensation benefits paid to an employee does not require proceedings before the Industrial Commission in order to give it a right to intervene (*Neal v. Independent Boiler & Tank Co.* (1970), 119 Ill. App. 2d 440, 256 N.E.2d 38), that fact alone does not determine at what time payment of reimbursement is required to be made.

■■ We also disagree with the Department's contention that it, as employer, is entitled to interest on that portion of the settlement representing benefits already paid to the employee, when the settlement fund has been invested and before payment has been disbursed to the employer. The Department's contention is based on the argument that the portion of the settlement (less attorney fees and costs) representing the benefits already paid by it is its money now and that not to pay it immediately to the Department unjustly enriches the employee to the amount of the interest received by the employee on that amount. We are not persuaded by the Department's argument.

■■ It is well settled that, in the absence of a contract or statutory provision, interest is not recoverable. *Neubert v. Foxworthy* (1979), 71 Ill. App. 3d 438, 389 N.E.2d 898.

In *Kirk v. Walter E. Deuchler Associates, Inc.* (1981), 96 Ill. App. 3d 99, 420 N.E.2d 1124, the employer's insurer sought reimbursement for workmen's compensation benefits paid by it, plus interest on its share of the recovery from the date judgment was entered against the third-party tortfeasor. The trial court allowed reimbursement of the benefits paid, less deductions for costs and attorney fees, but denied the claim for interest. The appellate court affirmed. It pointed out that reimbursement

was not due until the judgment had been paid and that section 5(b) made no provision for interest. The court stated:

> "We conclude that if interest is to be allowed on the portion of a workers' compensation payment which is recovered from a third party the legislature should clearly state that the payer of workers' compensation benefits pays them only contingently and when they are recovered is entitled to them back together with interest. The legislature, however, has merely provided that the employer or his carrier shall have a lien until a judgment is recovered against the third party and paid." 96 Ill. App. 3d 99, 101.

The payment of the settlement amount in the case before us is, under the language of section 5(b), the equivalent of the payment of a judgment. But, as the court observed, that section, the only basis for recovery of the compensation benefits paid, makes no provision for interest.

With reference to the Department's claim of unjust enrichment, the court in *Kirk*, while noting that statutes in other states may require a different conclusion, stated with reference to the Illinois Workmen's Compensation Act:

> "The argument of [the employer's insurance carrier] based on fundamental fairness is not persuasive in view of the statutory enactment.
>
> There is nothing in the statute or the policies behind the Workers' Compensation Act to indicate that the legislature intended to allow employers interest in these situations. The purpose of the Act is to provide compensation to accidentally injured employees. Compensation to an employee being the primary purpose, the Act also allows employers reimbursement rights where a third party is the actual tortfeasor. But the Act limits reimbursement to the amounts paid, payable only when a judgment against the third party has been satisfied." 99 Ill. App. 3d 99, 101.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.