DAVID FREER, Plaintiff-Appellee, *v.* HYSAN CORPORATION *et al.*, Defendants (The Village of Glendale Heights for the Use of Travelers Insurance Company, Intervening-Appellant).

First District (5th Division)   No. 82—2789

Opinion filed July 20, 1984.

Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellant.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy and David A. Novoselsky, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

The village of Glendale Heights for the use of Travelers Insurance Company appeals from an order of the trial court adjudicating its right to reimbursement under section 5(b) of the Illinois Workmen's Compensation Act[1] (the Act) (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)) for benefits paid and to be paid under the Act.

Plaintiff was an employee of the village who was awarded compensation of $115.71 weekly for life because of severe burns received in the course of his employment when a container of sewer solvent exploded. He also brought an action seeking damages for the same injuries against the manufacturer and distributor of the solvent. The village intervened in that action to protect its right to reimbursement under section 5(b) of the Act.

Plaintiff subsequently settled his lawsuit for $1,750,000, and, at the hearings concerning the disposition of the village's intervening petition, the parties agreed that the Act gave the village a lien on plaintiff's third-party recovery for the benefits paid or to be paid. (See *Denius v. Robertson* (1981), 98 Ill. App. 3d 83, 424 N.E.2d 336.) They also agreed that the sum subject to the lien was the settlement amount less plaintiff's attorney fees and his *pro rata* share of expenses. The village argued that it was entitled to a credit in the form of a suspension of future payments until the net amount of the recovery was exhausted. It was the position of plaintiff in the trial court that the Illinois Industrial Commission (the Commission) should have been requested to reduce the future payments to a lump sum amount

---

[1]The Act is now known as the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1).

which, when paid to plaintiff, would be ordered by the trial court to be repaid from the net amount recovered[2] before any of the recovery sum is paid to plaintiff, or that the village should continue its weekly payments—as it was required to do under the Act—and plaintiff would then immediately return the amount of each such payment to the village.

The village would not agree to a lump sum order by the Commission, and when the trial court refused to apply the credit formula and instead provided, in effect, that the net recovery be paid to plaintiff, who was then to reimburse the village for its future weekly payments, this appeal followed.

OPINION

The village asserts no impropriety as to the method of reimbursement ordered by the trial court. Its sole contention here is that the trial court "erred in refusing to credit the amount of plaintiff's recovery towards the payment by the employer of future Workmen's Compensation payments." It maintains that the refusal to do so contravened section 5(b) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)), which states in relevant part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then *from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee* or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act." (Emphasis added.)

According to the village, the above-underlined language in section 5(b) of the Act means that when plaintiff obtained the recovery in his third-party action, it (the village) was entitled to receive a credit by a

---

[2]The Commission will enter such lump sum orders only upon agreement of the parties.

suspension of its obligation to make future compensation benefits until the net amount recovered by plaintiff is exhausted.

In support of its position, the village cites several cases in which credits for future payments of compensation were given employers against third-party recoveries by employees receiving compensation benefits. We note, however, that in all of these cases the trial court had initially ordered such credits and, on appeal, the issue presented in each of them was whether the trial court's calculation of that credit was proper. By way of comparison, the trial court here did not apply a credit formula, and the single issue presented is whether it was required to do so. We think not.

In the first of the cases cited by the village, *Vandygriff v. Commonwealth Edison Co.* (1979), 68 Ill. App. 3d 396, 386 N.E.2d 318, the trial court had ordered a credit to an employer for future compensation payments against the amount of a third-party recovery. The relevant issue on appeal, however, concerned only the amount of the recovery subject to the credit and, holding that the trial court erred in reducing the amount of the employer's credit by requiring it to pay the employee's attorney a fee of 40% rather than 25%—as provided by statute—we adjusted the amount to be credited on the basis of a 25% fee. We then concluded that the employer "shall be given credit for any payments which they may be obligated to pay *** until such sums or obligations or bills shall have been paid in full, but not to exceed the total of [the amount recovered by the employee less his attorney fees and *pro rata* costs of litigation]." (68 Ill. App. 3d 396, 399, 386 N.E.2d 318, 320.) In the second case cited by the village, *Denius v. Robertson* (1981), 98 Ill. App. 3d 83, 424 N.E.2d 336, the trial court also ordered a credit to the employer against a recovery by an employee from a third party, but the issue on appeal concerned only the amount of the credit, and this court—following the reasoning of *Vandygriff*—made an adjustment of the credit.

A credit procedure of suspending an employer's obligation to make future compensation payments until the balance of a third-party recovery is exhausted was ordered by the trial court and upheld in another case cited by the village, *Jones v. Melroe Division, Clark Equipment Co.* (1981), 102 Ill. App. 3d 1103, 430 N.E.2d 1385, although the formula for determining the amount of the recovery subject to the credit differed from that used in *Vandygriff* and *Denius*. In *Jones*, the court reached this amount by adding the compensation benefits already paid by the employer to the third-party recovery and subtracting from this gross figure the employee's attorney fees and costs.

In the fourth case cited by the village, *Lewis v. Riverside Hospital* (1983), 116 Ill. App. 3d 845, 452 N.E.2d 611, where there was a credit to the employer ordered against an employee's third-party recovery, the appeal also raised only a question as to the amount of the credit. Disagreeing with the formula used in *Jones*, it was determined in *Lewis* that the amount to be credited was the total third-party recovery less compensation benefits already paid, the employee's attorney fees, and his *pro rata* share of the litigation expenses as provided in section 5(b) of the Act.

■ Because neither *Vandygriff, Jones, Denius,* or *Lewis* answers the question of whether the trial court is required to apply a credit for future payments of compensation against a third-party recovery, the reliance of the village on these cases is misplaced. Instead, our reading of them leads us to conclude that where compensation benefits are being paid by reason of injury to or death of an employee and a third-party recovery is made for the same injury or death, a court, in protecting the employer's reimbursement lien, under section 5(b) of the Act, may but is not required to apply a credit to the employer for benefits to be paid against the employee's third-party recovery. It appears that another method has also been used to protect the lien rights of the employer as to future payments where there has been a third-party recovery; *i.e.*, the entry of an order requiring that the recovery balance be placed in a trust account, with the employer continuing his weekly payment and being reimbursed therefor from the trust account until it is exhausted. (See *Shelby v. Sun Express, Inc.* (1982), 107 Ill. App. 3d 362, 437 N.E.2d 764.) In addition, where the parties have agreed to an approval of a lump sum settlement of the future benefits, the courts have ordered that when the approved amount is paid, the employer is to be immediately reimbursed from the third-party recovery fund before any payment from it to the employee.

In the instant case, none of these alternatives were used; instead, after requiring reimbursement to the village from the third-party recovery of plaintiff for the compensation benefits already paid, the trial court ordered that the net recovery be paid to plaintiff and his attorney "impressed and encumbered with a lien for any future payments by the Village."[3] The parties agree that this order requires the village to continue the weekly payments to plaintiff, who then must immediately reimburse the village for the amount of each payment.

The notice of appeal of the village asks only that the said

---

[3]Plaintiff's attorney fees were specifically excluded from this lien.

order "be reversed and that the cause be remanded to the trial court for the entry of an order giving the intervenor [the Village] full credit for any future payments that they are or will become obligated to pay in addition to any credit allowed for payments already paid." In its brief here, the village contends only that the trial court "erred in refusing to credit the amount of plaintiff's recovery towards the payment by the employer of future Workmen's Compensation payments." Thus, the village raises only the single issue of whether the trial court was required to apply the credit formula it proposed.

■■ Section 5(b) of the Act provides in relevant part that from the amount of a third-party recovery by an injured employee or his personal representative "there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee ***." There is, however, no provision in the Act as to the manner in which such payment should be made and, specifically, there is no requirement that a credit for future payments must be given. As pointed out above, none of the cases cited by the village require the application of a credit formula. See also *McCormick v. McDougal-Hartmann Co.* (1969), 111 Ill. App. 2d 346, 249 N.E.2d 275, *aff'd on other grounds* (1970), 47 Ill. 2d 340, 265 N.E.2d 610, where the court rejected an employer's contention that it could take the amount of its employee's third-party recovery as a credit against its obligation to pay compensation benefits. We conclude that the trial court was not required to do so, and we therefore find that the trial court did not err in failing to order such a credit.

We point out, however, that while there was no requirement that the trial court apply the credit formula proposed by the village, the parties are in accord that the court was required under section 5(b) of the Act to protect the village's right to reimbursement of compensation benefits paid and to be paid. Here, it is our view that the reimbursement right of the village was not property protected as to future payments. The trial court ordered that the balance of the recovery fund, after deductions for plaintiff's attorney fees and a *pro rata* sharing of the cost, was to be paid to plaintiff "impressed and encumbered with a lien for any future payments by the Village." By this order, after plaintiff had received a weekly payment benefit from the village, he was to immediately reimburse the village from the balance of the recovery funds that the court had ordered paid to him.

We initially note that the trial court was not empowered to impress a lien upon the recovery funds after ordering that they be

paid to plaintiff. The lien provided for in section 5(b) is upon a fund out of which plaintiff "might be compensated from *** [a] third party." The lien here thus ceased to exist as to the recovery fund when it was paid to plaintiff, as there then was no longer a fund out of which plaintiff might be compensated. Furthermore, there was nothing in section 5(b) of the Act authorizing the impression of a lien on the recovery funds in plaintiff's possession, and a lien may not be created by the court. 25 Ill. L. & Prac. *Liens* sec. 3 (1956).

In any event, even if a lien could have been impressed on the funds in plaintiff's possession, it would have been of no protective value to the village because, if for any reason, plaintiff does not re-pay the village for the future weekly benefits it was required to pay, further legal action would be required by the village to obtain repay-ment.

▪ In view thereof, it is clear that the trial court did not prop-erly protect, as required by section 5(b), the reimbursement right of the village as to future benefits it must pay. We are of the belief, under the particular circumstances here, that the application of the credit formula is now an appropriate method of protecting its reim-bursement right.

Accordingly, the order appealed from is reversed, and this cause is remanded with a direction that an order be entered consistent with the foregoing.

Reversed and remanded with a direction.*

MEJDA, P.J., and LORENZ, J., concur.

---

*Upon the death of Justice Wilson, the writing of this opinion was assigned to Justice Sullivan, and Justice Mejda—who did not participate in the oral arguments—has reviewed the briefs, the record, and the tape of the oral arguments.