(No. 60706.—

DAVID FREER, Appellant, v. HYSAN CORPORATION *et al.* (The Village of Glendale Heights *ex rel.* Travelers Insurance Company, Appellee).

*Opinion filed October 18, 1985.*

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy and David A. Novoselsky, of counsel), for appellant.

Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

The question here is how an employer who is required by an order of the Industrial Commission to compensate an injured employee is to be credited or reimbursed for future payments when the employee receives an award or settlement from a related action against a third party.

The plaintiff, David Freer, was permanently disabled when a drum of sewer solvent exploded and burned his body. His employer, the village of Glendale Heights (the village), was ordered by the Industrial Commission to pay Freer $115.71 a week for life, along with his medical expenses as required by the Workmen's Compensation

Act (the Act) (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*). The plaintiff instituted an action in the circuit court of Cook County against the manufacturer and distributor of the sewer solvent in which the village intervened pursuant to section 5(b) of the Act in order to protect its right to a lien on any award received by the plaintiff.

When the plaintiff settled the action against the third parties for $1,750,000, the village moved to enforce its lien on the proceeds of the settlement. It did not dispute any of the statutory requirements, including the fact that the lien was subject to attorney fees and a *pro rata* share of the expenses. The village contended that it should be awarded a credit which would suspend payments until the amount of the lien was satisfied.

In the circuit court the plaintiff did not dispute the village's right to a lien but argued that the circuit court did not have the authority to modify the order of the Industrial Commission awarding plaintiff weekly compensation, and contended that the Industrial Commission was the proper forum in which to present any request for suspension or modification of future payments. The plaintiff pointed to the Act's lump-sum provision (see Ill. Rev. Stat. 1975, ch. 48, par. 138.9; *Shelby v. Sun Express, Inc.* (1982), 107 Ill. App. 3d 362) and contended that the proper way for the village to protect its lien was to apply to the Industrial Commission to reduce the future weekly payments to a lump-sum amount. The village would not agree to a lump-sum settlement approach, and the circuit court, therefore, ordered the village to continue paying to the plaintiff the weekly installments ordered by the Industrial Commission, and required the plaintiff to reimburse the village according to the statute's credit formula.

The village appealed the circuit court's denial of its request for a suspension of payment, and the appellate

court reversed (126 Ill. App. 3d 55). It concluded that the proper method of protecting the employer's right to reimbursement was by a formula giving the employer credit against each weekly payment, taking into account, however, medical expenses, attorney fees, and costs, until the applicable settlement amount had been exhausted. We granted the plaintiff's petition for leave to appeal (94 Ill. 2d R. 315(a)) and affirm the appellate court.

The plaintiff argues that the appellate court's decision to suspend future payments until the credit amount is exhausted was improper because the Industrial Commission has primary responsibility for determining the amount of money needed to properly compensate an injured employee. In addition, the plaintiff contends that enforcing the lien by providing a credit involves the court in "complex and detailed calculations" when determining the amount. In essence, plaintiff submits that as a matter of public policy the Industrial Commission is the body which should be called upon to protect the employer's rights.

The village asserts that the plain meaning of the statute requires the circuit court to protect its right to reimbursement. It points to section 5(b)'s language which states, in pertinent part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then *legal proceedings* may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act.

In such case, however, if the action against such other person is brought by the injured employee *** and *** settlement is made with such other person *** then *from the amount received by such employee *** there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee ***.*

In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which the suit is brought, filing proof thereof in the action. The employer may, at any time thereafter join in the action upon his motion *so that all orders of court after hearing and judgment shall be made for his protection.* No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent is not required where the employer has been fully indemnified *or protected by Court order.*" (Emphasis added.) Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).

No case has been cited, and we are unable to find any Illinois decision, which passes upon whether it is proper for a circuit court to suspend an Industrial Commission order at the end of a related third-party action. There are cases in which the appellate court, as well as the parties, assumed that a credit to the employer would be an appropriate method of enforcing the statutory lien, and, therefore, in these cases the court only reviewed the ways in which such a credit was to be calculated. (See, *e.g., Shelby v. Sun Express, Inc.* (1982), 107 Ill. App. 3d 362; *Jones v. Melroe Division, Clark Equipment Co.* (1981), 102 Ill. App. 3d 1103; *Denius v. Robertson* (1981), 98 Ill. App. 3d 83; *Vandygriff v. Commonwealth Edison Co.* (1979), 68 Ill. App. 3d 396.) These cases suggest different ways to calculate the amount of the reimbursement to be made to the employer and employ different methods to achieve the result required by section 5(b). In *Vandygriff,* the appellate court suspended the payments made by the employer until the settlement amount was exhausted. A different procedure was used in *Shelby;* the settlement amount was placed in

a trust account and the employee was paid from the fund. Because neither party questions the manner in which a credit formula would be applied in the event it is determined in this case that this is the appropriate method of protecting the employer, it is not necessary for us to address the specific way in which a credit would be calculated. We need only decide whether the circuit court erred when it did not suspend that portion of the weekly payment the village was required to make which would be credited in its favor no matter how the village was to be reimbursed.

The plain meaning of section 5(b) imposes the duty of protecting the employer's lien upon the court. The statute provides that the very point of the employer's intervention in the third-party legal proceedings is "so that all orders of *court* after hearing and judgment shall be made for his protection." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).) In addition, where a settlement between the employee and the third party is reached, the statute requires either the employer's consent or an order of the court protecting him. There can be little question that what is protected is the employer's right to be reimbursed for the "amount of compensation paid or to be paid by him to such employee ***." (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).) Contrary to plaintiff's assertion, the legislature has mandated that the court is the proper body to protect that right. The statute does not envisage any role for the Industrial Commission in the protection of the employer's right of reimbursement.

In the face of this statutory language, plaintiff's public policy argument must fail. Moreover, we do not find persuasive plaintiff's suggestion that an order of the circuit court protecting the employer's reimbursement rights would improperly modify an award of the Industrial Commission. While it is true that generally "a party

cannot indirectly attack an award of the Commission in a collateral proceeding" (*Interstate Contractors v. Industrial Com.* (1980), 81 Ill. 2d 434, 437), no such collateral attack on the award is made in this case. The statute expressly gives the circuit court the authority to protect the employer's right to reimbursement. Unless the "orders" which the court is authorized to make are limited to remitting the parties to the Commission, a procedure for which the statute does not provide, all such orders will affect the Commission's award. We cannot place such a narrow construction on the statute that the court would be deprived of authority to modify the award in protection of the employer's rights, and therefore conclude that it is the court's responsibility to enforce the employer's reimbursement rights.

We also agree with the appellate court's ruling that the lien imposed by the circuit court which required the plaintiff to repay to the village the payments which he had already received from the village was improper. A lien cannot be created by the court without an underlying explicit or implicit agreement between the parties or some fixed rule of law usually found in a statute. (See, *e.g.*, 25 Ill. L. & Prac. *Creation of Liens* sec. 3 (1956); Annot., 85 A.L.R.3d 240 (1978).) No agreement or statute applied to this situation, and consequently the "lien" created by the circuit court against amounts first paid to the plaintiff by the village was unenforceable.

Moreover, the appellate court correctly chose the credit formula which suspends payments because the other methods described above and previously used by the appellate court could not be utilized under the circumstances of this case. A lien against the settlement funds was inappropriate because those funds had already been distributed to the plaintiff. In addition, the suspension of payments is the most expedient and accurate method for protecting the employer's rights.

Since we have concluded that responsibility for protecting the employer's reimbursement rights lies with the court and not the Industrial Commission, we reject plaintiff's argument that the circuit court should have ordered the parties to seek a lump-sum settlement from the Commission. Nothing in the statute suggests that procedure, and even if the court were to order the parties to petition the Commission for such a settlement, there is nothing to ensure that the Commission would enter such an order. Indeed section 9 of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.9) requires that "the best interests of both parties be served before a lump-sum payment will be awarded." (*Bagwell v. Industrial Com.* (1983), 94 Ill. 2d 101, 105.) Such an order by the circuit court would not adequately protect the employer's reimbursement rights.

Finally, the village contends that the plaintiff has failed to reimburse the village in accordance with the order of the circuit court. We need not address this issue because the lien was improper and it will be necessary for the circuit court on remand to determine the proper credit to be granted to the village. Any payments made to the employee which were not repaid should, therefore, be credited to the village.

We conclude that the circuit court had jurisdiction to enforce a lien in favor of the village in the form of proper credits against the payments required to be made to the plaintiff, but the court failed to properly protect the village as required under section 5(b). The appellate court correctly held, then, that this case should be remanded to the circuit court for a determination of the proper credit to be granted to the employer.

*Judgment affirmed.*