FOURTH DIVISION

December 9, 2004

No. 1-03-3379 

BERNARD SHEPPARD, ) Appeal from the 

) Circuit Court of

Plaintiff-Appellee, )  Cook County.

)

v. )  

)

BOZENA REBIDAS, )           No. 02 L 007851 

)     

 Defendant ) 

)        Honorable 

(Sentry Insurance Company, as Subrogee )                Jennifer Duncan-Brice,

of Maytag Corporation, ) Judge Presiding.

)

Intervenor-Appellant). )

JUSTICE GREIMAN delivered the opinion of the court:

Intervenor-appellant, Sentry Insurance Company (Sentry), as subrogee of Maytag Corporation (Maytag), appeals from an order of the circuit court of Cook County finding that it did not have a lien pursuant to section 5(b) of the Illinois Workers' Compensation Act (Act) (820 ILCS 305/5(b) (West 2002)) against the proceeds of a settlement between plaintiff, Bernard Sheppard (Sheppard), and defendant, Bozena Rebidas (Rebidas).  We affirm the circuit court.   

The facts of this case are as follows.  In 2000 and 2001, Sheppard was involved in several work-related accidents while employed by Maytag.  The first accident occurred on October 17, 2000, the second on December 21, 2000, and the third on June 26, 2002.  With regard to each accident, Sheppard filed a separate claim for benefits under the Act with the Illinois Industrial Commission.  In each instance, Sentry was Maytag's insurance carrier. 

Sentry settled all three of Sheppard's workers' compensation claims.  To settle Sheppard's claim for the October 17
 accident, Sentry agreed to pay him a lump sum of $50,000.  The settlement agreement was prepared by Sheppard's former attorney, Bradley Dworkin, and sent to a claims representative for Sentry, Kelly Kumm.  Kumm signed the agreement on July 31, 2002.  The agreement was later approved by the Illinois Industrial Commission on September 10, 2002.  

With regard to Sheppard's claim for the December 21
 accident, Sentry agreed to pay only $1 as a lump-sum payment, and the settlement agreement specified that there had been no temporary disability, otherwise known as "lost time."  Again, this agreement was prepared by Dworkin and sent to Kumm.  It was signed by Kumm on October 8, 2002, and approved by the Illinois Industrial Commission on January 13, 2003.  Finally, with regard to the June 26
 accident, the parties again agreed that there had been no "lost time" and that Sentry would pay the lump sum of only $1.  The agreement, prepared by Dworkin, was signed by Kumm on August 20, 2002, and approved by the Illinois Industrial Commission on January 10, 2003.  

On June 20, 2002, before Sheppard and Sentry had settled the workers' compensation claims, Sheppard filed a personal injury suit against Bozena Rebidas, a third party involved in the December 21
 accident, for the injuries he sustained in that accident.  Sheppard initially obtained a default judgment in his suit against Rebidas and was awarded $560,000.  While proceedings to vacate the default judgment were pending, Sentry filed a petition to intervene in the suit.  In its petition, Sentry asserted that, as a result of the December 21 
accident, it had paid Sheppard over $90,000, and, therefore, it retained a lien in that amount pursuant to section 5(b) of the Act (820 ILCS 305/5(b) (West 2002)) against any award or settlement between Rebidas and Sheppard in the suit.  The court permitted Sentry's intervention.  On July 2, 2003, Rebidas and Sheppard settled Sheppard's personal injury claim for $400,000.   

Upon settlement of the action with Rebidas, Sheppard filed his petition to adjudicate the workers' compensation lien.  In it, Sheppard moved the court to enter an order adjudicating Sentry's recoverable workers' compensation lien as $19,523.37.  In support, Sheppard noted that the parties had settled the claim for the December 21
 accident, agreeing that Sentry would pay a lump sum of $1 for permanent partial disability and that there was no payment for temporary total disability.  Thus, Sheppard maintained, the only item properly included in the lien was the medical expenses that Sentry had paid pursuant to section 8 of the Act (820 ILCS 305/8 (West 2002)).  Sheppard calculated the lien to be $19,523.37.

Sentry responded to Sheppard's petition by claiming that the settlement contracts that it had entered with Sheppard were negotiated and resolved in "unity," such that the $50,000, though  allocated in the settlement agreements to the October 17
 accident, gave rise to a lien with regard to the December 21
 accident.  Sentry asserted: 

"It will be demonstrated by [Sheppard's] own admission and in the facts at bar that [Sentry's] lien in the subject action pursuant to Section 5 includes the $50,000 permanent partial disability payment since said payment was made as a result of a surgical procedure on or about June 19, 2001, which is attributable to the December 21, 2000 accident rather than the October 17, 2000 accident." 

On July 14, 2003, the parties settled part of their dispute, with Sheppard agreeing to reimburse Sentry for $19,523,37 in medical expenses.  However, the dispute as to whether Sentry retained a $50,000 lien remained.  The court held a hearing on the matter and considered the following evidence.  

Kelly Kumm testified via evidence deposition that she was assigned to handle Sheppard's workers' compensation claims.  Kumm further testified that, after negotiating with Dworkin, she authorized Sheppard's claims to be settled together for $50,000.  She received the contracts from Dworkin in separate mailings months apart.  On cross-examination, Kumm admitted that at the time that she handled the Sheppard matter, she understood the procedures by which workers' compensation claims were resolved in Illinois.  Kumm stated that she was familiar with the type of settlement contract she signed on July 31, 2002, before she signed it.  Kumm acknowledged that the contract, which was made in relation to the December 21
 accident, neither made reference to the October 17
 accident nor allocated payments for temporary total disability.  The total amount of the settlement was $1.  Kumm admitted that she was fully familiar with the significance of the settlement contract when she signed it. 

Attorney Bradley Dworkin testified that he represented Sheppard in his workers' compensation cases.  Sheppard's cases were settled through lump-sum settlement contracts and negotiations with the adjuster, Kumm, and were later approved by the Illinois Industrial Commission.  Dworkin testified that the $50,000 settlement was for a single claim, and that the other two claims were settled for $1 each.  Dworkin denied that the claims for the October 17
 accident and the December 21
 accident were settled together for $50,001.  According to Dworkin, the different dates that appear next to Kumm's signatures on the two documents indicated to him that the contracts were negotiated at separate times.  Dworkin further testified that the three claims were never consolidated before the Illinois Industrial Commission.

Sentry sought to admit into evidence a letter from Sheppard's counsel to Sentry's counsel indicating that they had settled the issue regarding the medical expenses for $19,523.37.  Sentry withdrew the letter when Sheppard's counsel objected to its admission.  Finding that the letter was relevant, the court nevertheless admitted it without objection from Sentry.  The parties stipulated to the admission of the three settlement contracts.   

On October 9, 2003, upon considering the evidence presented at trial, the trial court determined that Sentry did not have a lien on the settlement of the third-party action.  The court found that the parties' dispute regarding the medical bills had been resolved, as evidenced by the letter between their attorneys.  With regard to the alleged $50,000 lien, the court found that the claims had been settled and that Sentry was bound by the terms of the settlement contract.  The court reasoned as follows:

"What is clear to this court is that Ms. Kumm, acting on behalf of Sentry Insurance Company, knew that [
sic
] the impact of negotiating the contracts as she did, which included not pursuing any subrogation rights.  The fact that some other person in Sentry Insurance Company later disagrees with that decision, is irrelevant.  Intervenor, Sentry Insurance Company is bound by the terms of the contract and, as such, it does not have a lien on the case."

As such, the court denied Sentry's request for relief.

Sentry contends on appeal that the trial court erred in its ruling because Sentry was not required to file its own suit in subrogation against Rebidas in order to preserve its lien rights over the proceeds of the settlement.  Sentry further claims that the trial court erred in finding that Sentry waived its lien rights during the negotiations leading to the settlement.  Finally, Sentry asserts that its "lien rights under Section 5(b) apply to all the monies it paid to Sheppard under Section 8 of the Act."  Sentry requests that we reverse the trial court's order and enter judgment in favor of Sentry and against Sheppard in the amount of $62,646.56.  We find each of Sentry's arguments to be without merit and, therefore, affirm.   

In this appeal, Sentry alleges that the $62,646.56 lien is comprised of medical expenses, temporary total disability, and a lump-sum payment of $50,000 for permanent partial disability.  We begin by noting that the trial court specifically found that the parties had resolved the matter of the medical expenses before trial.  In our review, we give deference to the trial court's findings of fact unless they are against the manifest weight of the evidence. 
 
Lowe Excavating Co. v. International Union of Operating Engineers Local No. 150
, 327 Ill. App. 3d 711, 720 (2002). 
 We find that the trial court's finding is amply supported by the record inasmuch as it contains the letter evidencing the parties' agreement to settle the medical expenses for $19,523.37.  Next, we find that Sentry's claim to a payment for temporary total disability is also belied by the record because the settlement contract for the claim for the December 21
 accident explicitly states that there was "no lost time" or temporary total disability paid.  Finally, Sentry's claim that it is owed $50,000 for permanent partial disability is similarly belied by the same settlement contract, which reveals that Sentry agreed to pay Sheppard the lump sum of $1 for permanent partial disability stemming from the December 21
 accident. 

Sentry attempts to circumvent the plain language of the settlement contracts by arguing that it was the parties' intent to settle Sheppard's claims in unison.  In support, Sentry asks us to consider Kumm's testimony.  We note, however, that the trial court has already weighed Kumm's testimony, finding her testimony that she understood the consequences of signing the settlement contract for the December 21
 accident more persuasive than her testimony that the parties agreed to settle the claims together.  We will not substitute our judgment for that of the trial court regarding conflicts in testimony and the credibility of witnesses.  
Lowe Excavating Co.
, 327 Ill. App. 3d at 720.  
Furthermore, the record reveals that the settlement contract for the December 21
 accident made no mention of the October 17
 accident and 
was signed by Kumm 
over two months after she signed the contract which settled the claim for the October 17
 accident.  Accordingly, we find that the trial court did not err in determining that Sentry's $50,000 payment made in settlement of the claim for the October 17
 accident did not give rise to a lien with regard to the claim for the December 21 
accident. 

In so finding, we reject Sentry's argument that the court had an obligation to protect Sentry's alleged interests in this case.  Sentry cites several cases for the proposition that the Act imposes a duty upon the court to protect an employer's lien.  See 
Freer v. Hysan Corp.
, 108 Ill. 2d 421 (1985) (responsibility lies with the trial court to protect an employer's lien rights 
vis-a-vis 
an employee's settlement with a third party); 
Page v. Hibbard
, 119 Ill. 2d 41 (1987) (cause remanded to trial court to determine whether allocation of a settlement agreement between an injured employee and a third party was fair and reasonable or if it inequitably circumvented employer's workers' compensation lien); 
Blagg v. Illinois F.W.D. Truck & Equipment Co.
, 143 Ill. 2d 188 (1991) 
(where settlements between the employee and a third party represent an obvious attempt to circumvent the employer's workers' compensation lien, the trial court should intervene to protect the employer).  We note, however, that the Illinois Supreme Court's holdings in these cases were premised on the notion that it is unfair for an employee to manipulate a settlement with a third party in a manner which would circumvent his employer's workers' compensation lien where the employer is not a party to that settlement and cannot protect itself.  Such is not found in the instant case.  Unlike the employers in 
Freer
, 
Blagg
, and 
Page
, who were not parties to the settlement agreements which served to deprive them of their liens, Sentry negotiated and signed the very agreement which precluded its recovery.  The Act cannot be read to require the court to step in under these circumstances to save Sentry from itself. 

Affirmed.

REID, P.J., and THEIS, J., concur.